Timothy HIGHTOWER, et al.,
Appellants,

v.

STATE COMMISSIONER OF EDUCATION, et al.,
Appellees.

No. 3-88-301-CV.

Court of Appeals of Texas,
Austin.

Oct. 18, 1989.

Richard L. Arnett, Brim & Arnett, Austin, for appellants.

Judy Underwood, Hairston, Walsh & Anderson, Jim Mattox, Atty. Gen., Anne E. Swenson, Asst. Atty. Gen., Austin, for appellees.

Before SHANNON, ABOUSSIE and JONES, JJ.

JONES, Justice.

Timothy Hightower and Chester Richardson[1] appeal from a final judgment of the district court upholding two decisions of the State Commissioner of Education, appellee. The Commissioner denied appellants' administrative appeals after their employment was terminated at the end of their respective contracts without observing the procedures set out in the Term Contract Nonrenewal Act, Tex.Educ.Code Ann. § 21.201 *et seq.* (1987 & Supp.1989) (TCNA).[2] Appellants' employers, Mt. Pleasant Independent School District and Refugio Independent School District, were respondents before the Commissioner and are appellees before this Court. We will affirm the decision of the district court.

The issue presented by this appeal is whether employees who are administrative officers as defined by the Texas Education Agency fall within the definition of "teacher" set forth in the TCNA. The Commissioner concluded that appellants were not "teachers" within the meaning of the Act and denied their appeals. Appellants filed timely motions for rehearing and sought judicial review in the district court. The district court, upon hearing argument on appellants' motions for summary judgment, affirmed the decision of the Commissioner.

The TCNA was passed by the Texas Legislature in 1981. 1981 Tex.Gen.Laws, ch. 765 at 2847. The Act sets forth several procedural safeguards designed to protect the interests of teachers and superintendents who are employed pursuant to term contracts. One such safeguard requires that a school board give to a teacher written notification of a proposed nonrenewal of a term contract on or before April 1 preceding the end of the employment term fixed in the contract. Tex.Educ.Code Ann. § 21.204 (1987). Another safeguard is the opportunity for a hearing on the proposed nonrenewal. Tex.Educ.Code Ann. § 21.205 (1987).

Appellant Richardson was employed as Director of Maintenance at Refugio Independent School District, for which he had a one-year term contract. In March of the term the school board took no action on Richardson's contract, and in June the board voted to terminate the contract at its expiration. The board did not give Richardson notice of termination before April 1, and the board refused to give him a hearing in the matter.

Appellant Hightower was employed for four years by Mount Pleasant Independent School District pursuant to a series of one-year contracts as the Director of Fiscal Affairs/Business Manager. At the end of his fourth year Hightower was informed that his contract would not be renewed for the following year. Hightower was not given notice of nonrenewal before April 1 of the year his contract expired, and he was denied a hearing by the school board.

Both Richardson and Hightower were classified for salary purposes as "administrative officers" pursuant to section 16.-056(d) of the Code.

The application of the TCNA is, by its own terms, limited to "teachers." Tex. Educ.Code Ann. § 21.203 (1987). Therefore, the outcome in this cause is depend-

---

1. The original cost bond on appeal was not executed by Chester Richardson. However, appellants have filed an amended cost bond signed by both Hightower and Richardson. We are convinced that the amended bond has cured the defect. *See Owen v. Brown,* 447 S.W.2d 883 (Tex.1969).

2. Unless otherwise indicated, all statutory references are to the Texas Education Code.

ent upon the construction of section 21.-201(1), which provides:

"Teacher" means a superintendent, principal, supervisor, classroom teacher, counselor, or other full-time professional employee, except para-professional personnel, who is required to hold a valid certificate or teaching permit.

No one disputes the proposition that appellants were "professional employees" as defined by statute and State Board of Education rules. Rather, the issue is whether appellants were "required to hold a valid certificate" within the meaning of the TCNA.

▆▆ This Court must review the Commissioner's order under a substantial evidence review. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e) (Supp.1989); Tex. Educ Code Ann. § 21.207 (1987). For purposes of substantial evidence review, questions of statutory interpretation are questions of law which are not entitled to a presumption of validity. *Teacher Retirement Sys. v. Cottrell,* 583 S.W.2d 928, 930 (Tex.App. 1979, writ ref'd n.r.e.)

This Court must ascertain the Legislature's intended meaning for the statutory provisions. The cardinal rule in statutory interpretation and construction is to seek out the legislative intent from a general view of the enactment as a whole, and, once the intent has been ascertained, to construe the statute so as to give effect to the purpose of the Legislature. *Citizens Bank v. First State Bank,* 580 S.W.2d 344 (Tex.1979); *Sexton v. Mount Olivet Cemetery Ass'n,* 720 S.W.2d 129 (Tex.App.1986, writ ref'd n.r.e.).

The Commissioner argues that, as "administrative officers," appellants were not required to hold a certificate and therefore do not fall within the TCNA's definition of teacher. State Board of Education rules do not require that employees in positions classified as administrative officers hold certificates of any kind:

The job classification "administrative officer" is to be used only for those positions not requiring certification. Non-certified administrative officers are to be assigned functions which do not involve supervising or controlling curriculum or professional personnel whose assignments require certification. Personnel assignments such as tax assessors, business managers, directors of transportation, maintenance and grounds personnel, are considered to be strictly administrative.

19 Tex.Admin.Code § 105.92(d) (West Sept. 15, 1988).

Appellants argue that such rules are contrary to section 16.056(f) of the Code. Section 16.056(f) is part of the Texas Public Education Compensation Plan, dealing with salaries of all school district personnel, and provides as follows:

Each person employed in the public schools of this state who is ... assigned to a position classified under the Texas Public Education Compensation Plan must be certified according to the certification requirements or standards for each position as established by rule adopted by the State Board of Education.

Appellants contend that the phrase "must be certified" requires all employees assigned to positions classified under the Public Education Compensation Plan to hold a "certificate." Appellants argue, therefore, that they fall within the definition of "teacher" because they are "required to hold a valid certificate." We disagree with this construction of the relevant statutory provisions, for the following reasons.

First, it is a well-established rule that a long-standing construction placed on a statute by the agency charged with its enforcement is entitled to "great weight." *Stanford v. Butler,* 142 Tex. 692, 181 S.W.2d 269 (1944); *Wagner v. City of San Angelo,* 546 S.W.2d 378 (Tex.App.1977, no writ); *see also* Tex. Gov't Code Ann. § 311.023(6) (1988). The above-quoted agency rule regarding the noncertification status of the job classification "administrative officer" has been in effect since August 2, 1978. *See* 3 Tex.Reg. 2484 (Rule 226.41.05.010) (1978).

Second, section 21.201(1) of the TCNA was added in an act the caption of which expressly referred to "teachers and super-

intendents." *See* 1981 Tex.Gen.Laws, ch. 765, § 2, p. 2847. On the other hand, the language in section 16.056(f) that certain school district employees "must be certified" first appeared in an act titled "Public School Financing." *See* 1977 Tex.Gen. Laws 1st C.S., ch. 1, p. 16. In light of the different subject matter and apparent objectives of the two provisions, we have some doubt that the Legislature intended for the language of section 16.056(f) to control the meaning of "teacher" in section 21.201(1) of the TCNA.

Third, the definition of "teacher" used in section 21.201(1) is identical to the definition of that term in section 13.202 of the Education Code, including the identical use of the phrase "valid certificate or teaching permit." Section 13.202 provides a definition of "teacher" to be used for the Teachers' Professional Practices Act, Tex.Educ. Code Ann. § 13.201 *et seq.* (1972 & Supp. 1989). Section 13.210 of that Act provides for the adoption of a "code of ethics and standard practices" to govern members of the teaching profession. Pursuant to section 13.211 of the Act, the ultimate penalty for a violation of a provision of the code of ethics and standard practices is "suspension or revocation of the *teaching certificate* of the member." (Emphasis added.) Clearly, the certificate to which the definition of "teacher" in section 13.202 refers is a teaching certificate.

Fourth, the Fifth Circuit Court of Appeals has held that an employee not holding a teaching certificate is not a "teacher" within the meaning of sections 21.201 and 13.202 of the Code. *See Montez v. South San Antonio Ind. School Dist.,* 817 F.2d 1124, 1126 (5th Cir.1987). While not binding on this Court, such a ruling is of some persuasive value.

Fifth, under the doctrine of *ejusdem generis,* where general words follow specific words in a statutory enumeration, the general words are to be construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. *Gulf Ins. Co. v. James,* 143 Tex. 424, 185 S.W.2d 966, 969 (1945). In the phrase in question, the classification "other

full-time professional employee" is preceded by five other classifications: "superintendent," "principal," "supervisor," "classroom teacher," and "counselor." Tex. Educ.Code Ann. § 21.201(1). Each of these classifications refers to a position in which the employee has direct and regular contact with students, supervises those who have direct and regular contact with students, or has control over student curriculum. Therefore, under the doctrine of *ejusdem generis,* the phrase "other full-time professional employee" must also refer to personnel whose jobs require those activities. A school district employee assigned to a position classified as administrative officer is expressly prohibited from being involved in those activities. 19 TAC § 105.92(d).

Finally, even if, by choosing the term "certificate," the Legislature intended to refer to a range of certificates broader than teaching certificates, appellants were not employed in positions that required them to hold certificates of any kind. Appellants argue that section 16.056(f) requires the State Board of Education to issue certificates to each position listed on the Texas Public Education Compensation Plan. However, section 16.056(f) does not so state. Rather, it requires that persons assigned to the listed classifications be "certified *according to the certification requirements or standards for each position as established by rule adopted by the State Board of Education.*" (Emphasis added.) We hold that this provision leaves the precise determination of what standards will be required for the various school district employees to the rulemaking discretion of the State Board of Education. This would include the discretion to require no certificate at all. The rules adopted by the State Board of Education do not require an employee in the position of "administrative officer" to hold any certificate. 19 TAC § 105.92(d). We cannot say that such a rule is clearly contrary to the terms of section 16.056(f).

We hold that the Commissioner of Education properly refused to classify an "administrative officer" as a "teacher" within the meaning of section 21.201(1) of the

Education Code. Appellants' point of error is overruled.

The judgment of the trial court is affirmed.