Doris DODD, Appellant,

v.

Lionel R. MENO, State Commissioner of Education, and Successor to William M. Kirby, and Wink–Loving Independent School District, Appellees.

No. 3–92–231–CV.

Court of Appeals of Texas, Austin.

Jan. 13, 1993.

Mark W. Robinett, Brim & Arnett, Austin, for appellant.

Dan Morales, Atty. Gen., Frank J. Knapp, Jr., Asst. Atty. Gen., Austin, for Lionel R. Meno, State Com'r of Educ. for appellees.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

Appellant Doris Dodd petitioned the district court to review an order of appellee State Commissioner of Education. *See* Tex.Educ.Code Ann. § 21.207 (West 1987); Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (West Supp.1993). The order that Dodd contested upheld the Wink–Loving Independent School District's decision not to renew her employment as a school nurse. From the trial court's judgment affirming the Commissioner's order, Dodd brings this appeal. We will affirm the judgment of the trial court.

In her sole point of error, Dodd argues that the trial court erred in affirming the Commissioner's determination that she did not qualify as a teacher under the Term Contract Nonrenewal Act. Tex. Educ.Code Ann. §§ 21.201–.211 (West 1987 & Supp.1993). The school district employed Dodd as a full-time school nurse under a contract that expired at the end of the 1987–1988 school year. On March 10, 1988, the board of trustees of the district voted not to employ Dodd for the upcoming year. The board notified Dodd of this decision by a letter dated March 16th. Although Dodd subsequently requested a hearing on her nonrenewal, the board did not provide her one.

The Term Contract Nonrenewal Act provides procedural safeguards to teachers and superintendents who are employed under term contracts. *Salinas v. Central Educ. Agency,* 706 S.W.2d 791, 794 (Tex. App.—Austin 1986, writ ref'd). The act

requires that these employees be given notice and a hearing before the board of trustees decides not to renew their contracts. Tex.Educ.Code Ann. §§ 21.204, .205 (West 1987 & Supp.1993). By its own terms, however, the act applies only to "teachers." Tex.Educ.Code Ann. § 21.203 (West 1987). Whether the Term Contract Nonrenewal Act and its procedural protections govern Dodd's employment depends on whether she met the Act's definition of a teacher. Dodd claims that, as a school nurse, she qualified as a teacher and was thereby entitled to notice and a hearing before the school district decided not to renew her employment contract.

■ Judicial review of the Commissioner's order is under the substantial-evidence rule. Questions of statutory interpretation, however, are questions of law that are not entitled to a presumption of validity. Tex.Educ.Code.Ann. § 21.207 (West 1987); Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e) (West Supp.1993); *Brown v. Humble Oil & Refining Co.*, 83 S.W.2d 935, 943–44 (Tex.1935); *Hightower v. State Comm'r of Education*, 778 S.W.2d 595, 597 (Tex.App.—Austin 1989, no writ); *Pension Bd. of the Police Officers Pension Sys. v. Colson*, 492 S.W.2d 307, 308–09 (Tex.Civ.App.—Beaumont 1973, writ ref'd n.r.e.).

The act defines a "teacher" as "a superintendent, principal, supervisor, classroom teacher, counselor, or other full-time professional employee, except para-professional personnel, who is required to hold a valid certificate or teaching permit." Tex.Educ.Code Ann. § 21.201(1) (West 1987). Dodd thus qualified as a teacher under § 21.201(1) if (1) she was a full-time professional employee of the type indicated, and (2) she was required to hold a valid certificate or teaching permit.

This Court has held that the phrase "other full-time professional employee" refers to personnel whose jobs share the characteristics of the particular positions of superintendent, principal, supervisor, classroom teacher, and counselor. *Hightower*, 778 S.W.2d at 598; *see Gulf Ins. Co. v. James*, 143 Tex. 424, 185 S.W.2d 966, 969 (1945); *Farmers' & Mechanics' Nat'l Bank v. Hanks*, 104 Tex. 320, 137 S.W. 1120, 1123–24 (1911) (where general words follow specific words in statutory enumeration, general words are construed to embrace only objects similar in nature to those enumerated in specific words). These particular positions are characterized by employees who have direct and regular contact with students, who supervise employees who have such contact, or who have control over student curriculum. *Hightower*, 778 S.W.2d at 598.

The goal of the school district's nurse, as provided in its job description, was to help develop a comprehensive program of health services for the district; this program included both providing direct health services to students and promoting health education for all students. Some of the nurse's specific duties were to provide health counseling and individualized nursing care to students, to appraise students both as to aspects of their general health and for signs of communicable disease, to assist teachers in developing and providing health education programs for students, to teach students and staff first-aid skills and help schools develop emergency-care systems, and to maintain health records on students. This last duty included documenting students' contacts with the nurse.

The district's superintendent stated in an affidavit included in the agency record that Dodd's job duties did not include any teaching or supervision of the curriculum of certified employees. He stated that Dodd did not help teachers develop or provide health education for students and that she did not promote health education while working as the school nurse.

Rather than direct and regular contact with the students, the activities of the district's nurse are better characterized as auxiliary to the work of those who do have regular, direct contact. Dodd's work was oriented toward providing a safe, healthy environment that would enable the students and teachers to focus on learning. Further, Dodd's duties did not involve her control over student curriculum. The evidence before the Commissioner reasonably

supports a determination that Dodd's job did not meet the requirements of a "full-time professional employee" under § 21.201(1) of the Term Contract Nonrenewal Act.

To meet the second qualification of a teacher, Dodd's position had to require that she possess a valid "certificate or teaching permit." Tex.Educ.Code Ann. § 21.201(1) (West 1987). Dodd argues that a "certificate" under § 21.201(1) includes her registration with the State Board of Nurse Examiners.

We first note that the State Board of Education offers those who have registered with the State Board of Nurse Examiners and completed certain courses the option of obtaining a provisional school nurse certificate; a provisional certificate is a type of teaching certificate. 19 Tex.Admin.Code §§ 141.2, .249 (1992). The district did not require Dodd to hold a provisional school nurse certificate, however, and Dodd had not applied for one.

The State Board of Education's rules also provide that a person who is registered with the State Board of Nurse Examiners may work as a school nurse without a provisional certificate. 19 Tex.Admin.Code § 141.249(c) (1992). The district required its school nurse to be registered with the State Board of Nurse Examiners, and Dodd held a certificate of reregistration from that board, valid through March 1989.

Dodd claims that because the State Board of Education effectively required her to be registered with the State Board of Nurse Examiners, her nursing certificate was equivalent to a teaching certificate. This Court stated in *Hightower*, however, that the certificate required by § 21.201(1) is a teaching certificate. 778 S.W.2d at 598. The Court supported this statement by examining the Teachers' Professional Practices Act, Tex.Educ.Code Ann. §§ 13.201–.218 (West 1991 & Supp.1993). The definitions of teacher in § 13.202(1) and § 21.201(1) are almost identical, including the requirement in both that a teacher hold a valid "certificate or teaching permit." Tex.Educ.Code Ann. § 13.202 (West 1991). In § 13.211, teachers who violate the code

of ethics authorized by § 13.210 can be punished by suspension or revocation of the "teaching certificate." Because the definition of teacher in § 13.202(1) clearly refers to those with teaching certificates, this Court concluded that the same definition of teacher in § 21.201(1) also refers to those with teaching certificates. *Hightower*, 778 S.W.2d at 598; *see Montez v. South San Antonio Indep. Sch. Dist.*, 817 F.2d 1124, 1126 (5th Cir.1987).

We apply the reasoning in *Hightower* to this case to hold that the certificate § 21.201(1) requires is a teaching certificate. Any requirement that Dodd hold a nursing certificate to serve as a school nurse is insufficient to equate that certificate with a teaching certificate.

Accordingly, we conclude that the Commissioner correctly determined that Dodd was not a "teacher" within the meaning of § 21.201(1). We overrule her point of error and affirm the judgment of the trial court.