Kenneth LAUDERDALE doing business as Lauderdale Aerial Service, Appellant,

v.

TEXAS DEPARTMENT OF AGRICULTURE, Appellee.

No. 03–95–00567–CV.

Court of Appeals of Texas, Austin.

May 29, 1996.

835

Robert J. Kuhn, Kuhn, Doyle & Kuhn, P.C., Austin, for Appellant.

Dan Morales, Attorney General, Mehron Azarmehr, Assistant Attorney General, Natural Resources Division, Austin, for Appellee.

Before POWERS, JONES and B.A. SMITH, JJ.

POWERS, Justice.

In a contested-case proceeding, the Texas Department of Agriculture issued a final order imposing administrative penalties (one for $1,500, another for $15) against Kenneth Lauderdale, doing business under the trade name Lauderdale Aerial Service, for violating statutory provisions and a Department regulation pertaining to pesticide application. *See* Tex.Agric.Code Ann. § 76.116(a)(1), (6) (West 1995) (the "Code"); 4 Tex.Admin.Code § 7.22(a)(1) (1995). In Lauderdale's suit for judicial review of the order, brought under authority of Code section 76.1555(n), the district court affirmed the Department order. Lauderdale appeals.

As in district court, our scope of review is limited to that specified in the Administrative Procedure Act for judicial review under the "substantial evidence rule." *See* Code § 76.1555(n); Tex.Gov't Code Ann. § 2001.174 (West Pamph.1996) (the "APA").[1] We will affirm the agency order and the district-court judgment.

---

1. All administrative actions relevant to the present cause occurred before September 1, 1993, and are governed by the Administrative Procedure and Texas Register Act ("APTRA"). *See* APTRA, 64th Leg., R.S., ch. 61, § 19, 1975 Tex. Gen.Laws 136, 136–148 (Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19, since repealed and codified at Tex.Gov't Code Ann. § 2001.001 *et seq.* (APA). Because the codification of the APA effective September 1, 1993, had no substantive effect on the provisions relevant in the present cause, the Texas Government Code is cited for convenience.

## THE $1,500 PENALTY

Code section 76.116(a)(1) authorizes an administrative penalty to be imposed for applying a pesticide in a manner "inconsistent with the pesticide's labeling." The pesticide in this instance was Dimethoate. The Dimethoate label instructs as follows: "Do not apply this product in such a manner as to directly or through drift expose workers or other persons."[2] The Department fined Lauderdale $1,500 based upon its conclusion of law that he violated section 76.116(a)(1) by spraying the Sorrellses' automobile with Dimethoate on May 21, 1990. This conclusion of law rests on a finding of underlying fact that Lauderdale sprayed the field with the pesticide on that date. In his first point of error, Lauderdale contends the underlying fact is not supported by substantial evidence and, in consequence, the agency's final order must be reversed. *See* APA § 2001.174(2)(E).

■ APA section 2001.174(2)(E) requires reversal of the Department's final order if Lauderdale's substantial rights have been prejudiced by an agency fact finding that is "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole." This means we may not substitute our judgment for that of the agency on the weight of the evidence; we must, however, test any disputed finding of basic or underlying fact against that body of evidence. "Substantial evidence" is thus a term of art. It "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'" of fact. *Pierce v. Underwood*, 487 U.S. 552, 564–65, 108 S.Ct. 2541, 2549–50, 101 L.Ed.2d 490 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)). As emphasized in the commentary that accompanied the model act from which our APA is derived, it is meaningless to inquire whether an agency's *conclusions of law* or its *ultimate decision* in the case are supported by "substantial evidence." These, by definition, are a compound of legal and policy inferences applied to facts found. 2 Frank E. Cooper, *State Administrative Law* 722–39 (1965 ed.).

■ The following evidence is undisputed. In the early morning of May 21, 1990, Deborah Sorrells and her daughter were motoring on County Road 150 in Hays County when their automobile was sprayed with a pesticide discharged from a white aircraft, bearing yellow or orange markings, passing overhead. A cotton field farmed by Leonard Germer lay on one side of the road, a pasture on the other. Germer had engaged Lauderdale to spray his field with the pesticide Dimethoate. Lauderdale had done so on a day within four days of May 21, 1990, and sent Germer a bill for his work. Only Lauderdale had sprayed Germer's fields for the past ten years. Two Department inspectors visited the field on May 22, 1990. Germer's farm hand told them the field had been sprayed the day before—May 21, 1990. The inspectors included his statement in their report, which was admitted in evidence.[3] The inspectors saw flagging paper, used as markers in aerial spraying, in the field. Scientific evidence showed that samples taken from Germer's field by the inspectors on May 22, 1990, and from the Sorrells's automobile contained similar concentrations of Dimethoate. In addition, the sample taken from Germer's field contained a chemical

---

2. In the district court and in oral argument on submission of the appeal, Lauderdale attacked the notice by which the Department initiated the contested-case proceeding in the agency. The notice alleged Lauderdale violated Code section 76.116(a)(1) by exposing the Sorrellses to the pesticide Dimethoate when it drifted toward their automobile owing to weather conditions. The Department found in its final order that the Sorrellses were exposed to the pesticide *directly* by reason of Lauderdale's application of the Dimethoate. Lauderdale did not include this argument in his brief to this court, however, and has thus failed to raise an issue for our review in the particular indicated. *See* Tex.R.App.P. 74.

3. During oral argument to this court, Lauderdale argued that Martinez's statement was improperly admitted as hearsay. Lauderdale failed, however, to challenge the admissibility of the statement either in his motion for rehearing before the Department or in his brief to this court and has therefore waived error for our review. *See* Tex. R.App.P. 74.; APA 2001.145(a); *Burke v. Central Educ. Agency*, 725 S.W.2d 393, 396 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

that is produced as vegetation breaks down Dimethoate, indicating that the field had been sprayed before the morning of May 22, 1990, when the inspectors took the sample.

Lauderdale testified that in the early morning of May 21, 1990, the time the Sorrellses claim to have been exposed to the pesticide, he was spraying another of Germer's fields about eight miles distant; and, he added, he did not spray the field in question until May 22, 1990. Moreover, he testified, his two aircraft are yellow, a color inconsistent with Mrs. Sorrells's recollection of a white aircraft with yellow or orange markings. Lauderdale introduced in evidence his business records showing that he sprayed the field on May 22, 1990.

We conclude a reasonable mind could infer or find, from the foregoing evidence, that Lauderdale exposed the Sorrellses to the pesticide Dimethoate in the course of spraying Germer's cotton field in the early morning of May 21, 1990. We therefore overrule Lauderdale's first point of error.

## THE $15 PENALTY

Section 76.116(a)(6) of the Code provides for an administrative penalty for the making of a "false or fraudulent" record. The Department imposed against Lauderdale a $15 fine based upon the agency's conclusion of law that he had made a false report, a determination that rests upon a finding of underlying fact that he "cited the wrong date" in his record pertaining to the spraying of Germer's cotton field where the Sorrellses were exposed to the pesticide. In his second point of error, Lauderdale contends the finding of underlying fact is not supported by substantial evidence.

The point does not, however, involve a question of "substantial evidence." By the Department's finding that Lauderdale sprayed the field on May 21, 1990, it necessarily determined that he "cited the wrong date" in his business record of the application. The parties' actual dispute is about a question of statutory construction, the answer to which determines the correctness of the Department's conclusion of law that Lauderdale made a "false or fraudulent" re-

port, in the words of Code section 76.116(a)(6).

The Department concluded in its final order that the statutory word "false" includes innocent errors as well as misrepresentations; thus, even though there was no evidence of an intent to misrepresent, Lauderdale filed a "false" report. If the Department construction is incorrect, however, and a proper construction of the statute requires an intent to misrepresent, as Lauderdale contends, then the agency's *conclusion of law* is clearly erroneous and subject to reversal under APA section 2001.174(2)(B) or (D) as an *error of law.* We refer to our discussion above concerning the proper application of the substantial evidence rule.

We need not discuss the matter further. The Department order imposes no stigma because it expressly found that Lauderdale's error was unintentional; and the $15 in question is too small to justify reversing the judgment below. *See Lewis v. Lewis,* 125 S.W.2d 375, 381 (Tex.Civ.App.—Fort Worth 1939, writ ref'd) (reversal of $6,000 judgment not required under doctrine *non curat de minimus lex* even though $27 in excess of verdict).

For the reasons given, we affirm the Department order and the district-court judgment.