TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00168-CV






Pete Smith, Appellant



v.



James E. Nelson,(1) State Commissioner of Education, in his Official Capacity Only;


and Zapata County Independent School District, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 98-13924, HONORABLE PAUL DAVIS, JUDGE PRESIDING 








 We must determine under a substantial evidence review whether the Commissioner
of Education has jurisdiction over an appeal filed by a public school teacher who alleged that his
reassignment without a change in pay violated his contract. See Tex. Educ. Code Ann.
§ 7.057(a(2)(B) (West 1996). The Commissioner may hear a grievance regarding a written
employment contract between a school district and a school district employee if a violation of the
contract "causes or would cause monetary harm to the employee." Id. § 7.057(a)(2)(B). Because
we conclude that Smith failed to allege in his petition for review facts affirmatively demonstrating
the Commissioner's jurisdiction, we affirm the trial court's judgment affirming the
Commissioner's decision to dismiss for lack of jurisdiction. 

Background


 Zapata County ISD employed Pete Smith as the Athletic Coordinator/Head Football
Coach pursuant to a multiple-year term contract beginning in July 1997 and ending in June 2000. 
The contract provided among other matters that Smith was subject to "assignment and
reassignment of positions or duties, additional duties, changes in responsibilities or work, transfers
or reclassification at any time during the contract term." On October 22, 1997, Zapata County
ISD relieved Smith of his duties as Athletic Coordinator/Head Football Coach and reassigned him
as a physical education teacher at Zapata South Elementary School. The school district did not
change Smith's pay as a result of the reassignment. 

 Smith filed a grievance complaining of the reassignment which Zapata County ISD
denied. Smith then filed a petition for review with the Board of Education contending that the
reassignment violated his contract. Pursuant to section 7.057(a)(2)(B), the Commissioner
concluded that he lacked jurisdiction to hear the case and dismissed Smith's appeal. The district
court affirmed the Commissioner's decision. Smith raises a single issue on appeal. 


Discussion


 This Court reviews the Commissioner's order under a substantial evidence review. 
Hightower v. State Comm'r of Educ. 778 S.W.2d 595, 597 (Tex. App.--Austin 1989 no writ). 
We must first determine whether the evidence as a whole is such that reasonable minds could have
reached the conclusion that the agency must have reached in order to take the disputed action. 
Texas State Bd. of Dental Exam'rs v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988); Ramirez v.
Texas State Bd. of Med. Exam'rs, 995 S.W.2d 915, 919 (Tex. App.--Austin 1999, pet. denied). 
The test is not whether the agency made the correct conclusion but whether some reasonable basis
exists in the record for the agency's action. Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984); Ramirez, 995 S.W.2d at 919.

 For purposes of substantial evidence review, questions of statutory interpretation
are questions of law and are not entitled to a presumption of validity. Hightower, 778 S.W.2d at
597. However, statutory construction by the administrative agency charged with the statute's
enforcement is entitled to serious consideration if the construction is reasonable and does not
contradict the statute's plain language. Dodd v. Meno, 870 S.W.2d 4, 7 (Tex. 1994); Gilder v.
Meno, 926 S.W.2d 357, 360 (Tex. App.--Austin 1996, writ denied). Thus, because of the
Commissioner's expertise and experience, we give deference to his interpretation of section 7.057. 
See Dodd, 870 S.W.2d at 7; Gilder, 926 S.W.2d at 360. 

 In determining questions of subject matter jurisdiction, we must look solely to the
allegations in the petition. Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex. App.--
Austin 1994, writ denied) (citing Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440,
446 (Tex. 1993)). The plaintiff must allege facts that affirmatively demonstrate jurisdiction to
hear the case. Jansen v. Fitzpatrick, 14 S.W.3d 426, 431 (Tex. App.--Houston [14th Dist.] 2000,
no pet.). We take the allegations in the pleadings as true and construe them in favor of the
pleader. Texas Ass'n of Bus., 852 S.W.2d at 446. 

 The Commissioner has jurisdiction to hear appeals if the person is aggrieved by: 
(1) school laws of this state; (2) actions or decisions of a school district board of trustees that
violate the school laws of this state; or (3) actions or decisions of a school district board of trustees
that violate provisions of a written employment contract between the district and a district
employee, if the violation causes or would cause monetary harm to the employee. Tex. Educ.
Code Ann. § 7.057(a)(1), (2)(A), (B) (West 1996). Because Smith's grievance involves an alleged
violation of his employment contract, the Commissioner's jurisdiction is invoked only if Smith
alleges that the reassignment causes or would cause him monetary harm.

 In his petition for review before the Board of Education Smith alleged that
according to his contract, Zapata County ISD employed him as the Athletic Coordinator/Head
Football Coach; that the Zapata County ISD did not discuss employment positions with him other
than Athletic Coordinator/Head Football Coach; and that he lacked the necessary certification to
teach elementary physical education. He further alleged that the reassignment constituted a breach
of contract. Smith did not allege in his petition for review that the reassignment caused or would
cause him monetary harm. By not alleging that the reassignment caused or would cause monetary
harm, Smith failed to allege facts sufficient to invoke the Commissioner's jurisdiction. We
overrule Smith's sole issue.


Conclusion


 The Commissioner has jurisdiction over an appeal if the plaintiff alleges facts that
affirmatively demonstrate the Commissioner's jurisdiction. Because Smith failed to allege in his
petition for review that the Zapata County ISD's action causes or would cause him monetary harm, 
we conclude that there is a reasonable basis to support the Commissioner's decision that he lacked 
jurisdiction to entertain Smith's appeal. We affirm the trial court's judgment affirming the
Commissioner's dismissal of Smith's appeal.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: January 11, 2001

Do Not Publish

1. We have substituted the current Commissioner as the appropriate party. See Tex. R. App.
P. 7.2(a). 


rong>Discussion


 This Court reviews the Commissioner's order under a substantial evidence review. 
Hightower v. State Comm'r of Educ. 778 S.W.2d 595, 597 (Tex. App.--Austin 1989 no writ). 
We must first determine whether the evidence as a whole is such that reasonable minds could have
reached the conclusion that the agency must have reached in order to take the disputed action. 
Texas State Bd. of Dental Exam'rs v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988); Ramirez v.
Texas State Bd. of Med. Exam'rs, 995 S.W.2d 915, 919 (Tex. App.--Austin 1999, pet. denied). 
The test is not whether the agency made the correct conclusion but whether some reasonable basis
exists in the record for the agency's action. Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984); Ramirez, 995 S.W.2d at 919.

 For purposes of substantial evidence review, questions of statutory interpretation
are questions of law and are not entitled to a presumption of validity. Hightower, 778 S.W.2d at
597. However, statutory construction by the administrative agency charged with the statute's
enforcement is entitled to serious consideration if the construction is reasonable and does not
contradict the statute's plain language. Dodd v. Meno, 870 S.W.2d 4, 7 (Tex. 1994); Gilder v.
Meno, 926 S.W.2d 357, 360 (Tex. App.--Austin 1996, writ denied). Thus, because of the
Commissioner's expertise and experience, we give deference to hi