# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00713-CV

**Pete Smith, Appellant**

**v.**

**Felipe Alanis, Commissioner of Education; and Zapata Independent School District, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. 99-12114, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING**

Zapata Independent School District (AZapata@) signed Pete Smith to a three-year term contract as a head football coach and athletic director. During the first few months of his employment, Zapata demoted Smith and reassigned him to teach physical education at an elementary school. Subsequently, Zapata informed Smith that his employment would be terminated at the end of the first year of his contract. Smith appealed his termination to the Commissioner of Education (Athe Commissioner@). The Commissioner determined that Smith could not enforce his three-year term contract against Zapata because the Texas Education Code prohibited Zapata from entering into anything other than a one-year probationary contract. The district court affirmed the Commissioner=s ruling. Because we agree with the district court that the Commissioner=s determination was correct, we will affirm.

## BACKGROUND

In July 1997, Zapata hired Smith as a head football coach and athletic director. Zapata had a written policy that a full-time professional employee who is required to hold a teaching certificate, and who is employed by the district for the first time, must be employed under a probationary contract. Similarly, the education code requires that teachers be employed for the first time under a one-year probationary contract, which allows a district to terminate that employee at the end of the year upon a finding that termination is in the best interest of the district. *See* Tex. Educ. Code Ann. '' 21.102, .103 (West 1996 & Supp. 2002). Smith had never been employed by Zapata and the position for which he was hired required a teaching certificate. Despite its existing policy, Zapata entered into a three-year term contract with Smith. The contract, which took effect at the beginning of the 1997-98 school year, contained a provision allowing for transfer or reassignment. It also contained clauses allowing for early termination under certain circumstances, including good cause and financial exigency, both of which are recognized by the education code as valid reasons for termination of a term contract. *See id*. ' 21.211 (West 1996).

In October 1997, approximately two months into the school year and the football season, Zapata relieved Smith of his coaching duties and reassigned him as a physical education teacher at Zapata South Elementary School. Zapata did not reduce Smith=s pay as a result of the reassignment. Smith filed an administrative grievance, alleging that his contract did not authorize reassignment as a classroom teacher. After Zapata denied his grievance, Smith filed a petition for review with the Commissioner, contending the reassignment violated his contract and asking to be reinstated. Zapata argued that the Commissioner lacked jurisdiction because Smith had not pleaded that he had suffered any monetary harm. Smith responded by

arguing that his reassignment as an elementary school physical education teacher harmed his prospects of advancing into future coaching positions. The Commissioner determined that he did not have jurisdiction to hear Smith=s appeal because lost earning capacity is not a natural, probable, and foreseeable loss resulting from a breach of contract. The district court and this Court affirmed the Commissioner=s decision. *See Smith v. Nelson*, 53 S.W.3d 792 (Tex. App.CAustin 2001, pet. denied).

In March 1998, while Smith=s appeal of his reassignment was ongoing, Zapata notified Smith that it was terminating his employment at the end of his first year. Zapata did not base its decision on any of the provisions of the contract allowing for termination. Instead, Zapata claimed that it did not have the capacity to enter into a three-year term contract with Smith because the education code limited it to entering into a one-year probationary contract with a first-time employee who required a teaching certificate.

Smith again appealed Zapata=s action to the Commissioner. In reaching his decision, the Commissioner relied on a section of the education code mandating that school districts employ teachers for the first time under a one-year probationary contract. The Commissioner found that because Smith was a Ateacher@ for purposes of the education code, Zapata could only have employed him under a probationary contract. On that basis, the Commissioner determined that the three-year contract the parties signed was *ultra vires* and void. Because Zapata terminated Smith=s employment in accordance with the rules for termination of a probationary contract, the Commissioner upheld Zapata=s termination of Smith. The district court affirmed the Commissioner=s decision. Smith brings this appeal.

**DISCUSSION**

3

We review an order by the Commissioner under a substantial evidence standard. *See*

*Hightower v. State Comm=r of Educ.*, 778 S.W.2d 595, 597 (Tex. App.CAustin 1989, no writ). Under

the substantial evidence rule, the question is whether reasonable minds could have reached the same

conclusion as the Commissioner. *See Lauderdale v. Texas Dep=t of Agric.*, 923 S.W.2d 834, 836 (Tex.

App.CAustin 1996, no writ). For purposes of substantial evidence review, questions of statutory

interpretation are questions of law which are not entitled to a presumption of validity. *Hightower,* 778

S.W.2d at 597.

In this appeal, Smith makes two arguments. First, he argues that the Commissioner

erred in deciding that he was a Ateacher@ for purposes of the education code. Second, Smith argues that

requiring him to be employed under a probationary contract contradicts a provision of the education code

providing that school districts are only required to employ classroom teachers, principals, librarians, nurses,

and counselors under either a term, continuing, or probationary contract (collectively Achapter 21

contracts@). *See* Tex. Educ. Code Ann. ' 21.002 (West 1996).

Two relevant provisions of the education code require school districts to employ teachers

initially under a probationary contract. Section 21.102 provides that Aa person who is employed as a

teacher by a school district for the first time . . . shall be employed under a probationary contract.@ *Id.* '

21.102. Similarly, another provision requires that A[b]efore a teacher may be employed under a term

contract, the teacher must be employed under a probationary contract . . . .@ *Id.* ' 21.202 (West 1996).

Smith had never before been employed by Zapata, and the contract the parties signed was clearly a term

4

contract.  Thus, both of these provisions of the education code require that, if Smith is a teacher, Zapata had to employ him under a probationary contract.

The question becomes whether Smith is a teacher as that term is used in chapter 21 of the education code.  ATeacher@ is defined as

> a principal, supervisor, classroom teacher, counselor, or other full-time professional employee who is required to hold a certificate issued under Subchapter B or a nurse.  The term does not include a superintendent or a person who is not entitled to a probationary, continuing, or term contract under Section 21.002, an existing contract, or district policy.

*Id*. ' 21.101 (West 1996).[1]  So, to qualify as a teacher, a district employee must fall into one of the groups listed in the first sentence and must be entitled to a chapter 21 contract because of the education code, an existing contract, or district policy.  The Commissioner concluded that Smith was a full-time professional employee who was required to hold a teaching certificate and that he was entitled to a probationary contract under existing district policy.  On that basis, the Commissioner found that Smith was a teacher and, thus, was required to be employed for the first time under a probationary contract.

Smith in essence concedes that he falls within the full-time professional employee provision. However, he disputes the Commissioner=s conclusion that he was Aentitled to@ a probationary contract under district policy.  The written district policy clearly requires that when Zapata Independent School

---

[1] The definition of teacher applicable to section 21.202 of the education code differs only in that it includes rather than excludes superintendents from the classes of employees that can qualify as a teacher. *See* Tex. Educ. Code Ann. ' 21.201 (West 1996).

District employs, for the first time, a full-time professional required to hold a teaching certificate, it must employ that person under a probationary contract. Smith was a full-time professional employee being employed by Zapata for the first time. He was required to hold a valid teaching certificate. Given these facts, and in accordance with its written policy, Zapata could only enter into a probationary contract with Smith.

Smith argues that Zapata=s written policy is irrelevant because in signing him to a three-year term contract, Zapata effectively waived its policy as to Smith. We reject Smith=s argument. Smith has failed to demonstrate either (1) that Zapata can waive or repeal its formal written policy on a case-by-case basis, or (2) that it *intended* to waive or repeal its policy in this case. Smith has not cited, and we have not found, any cases that address the issue of waiver of school-district policy. However, in the context of legislative statutes, repeal by implication is not favored. *See Eppenauer v. Eppenauer*, 831 S.W.2d 30, 33 (Tex. App.CEl Paso 1992, no writ). The general rule is that it takes a law to repeal a law. *See Abrams, Inc. v. Sebastian*, 570 S.W.2d 81, 86 (Tex. Civ. App.CEl Paso 1978, writ ref=d n.r.e.) (citing *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 832 (Tex. 1970)). Given the importance the education code places on providing notice of district employment policies, we cannot conclude that a school district should be presumed to waive its adopted policy each time it acts in a manner inconsistent with that policy. *See* Tex. Educ. Code Ann. ' 21.204(d) (West 1996) (requiring schools to distribute copies of all personnel policies to term contract teachers each year). The incorporation of district policy into the education code for purposes of determining who districts are required to employ under a probationary contract also counsels against a presumption that a school district waives its employment policy every time it acts in a

6

manner inconsistent with its policy. *See id.* '' 21.102, .202. Finally, Smith has introduced no evidence beyond the contract itself to suggest that Zapata intended to waive its policy.

We also reject Smith=s contention that requiring him to be employed initially under a probationary contract conflicts with other provisions of the education code. Smith relies on section 21.002, which provides that school districts are not required by the education code to employ anyone other than classroom teachers, principals, librarians, counselors, and nurses under a chapter 21 contract. *See id.* ' 21.002(b). Smith argues that because he is not one of the above mentioned employees, Zapata is not required to employ him under a chapter 21 contract. Smith=s argument fails because Zapata chose to employ him under a chapter 21 contract. Because Zapata chose to entitle Smith to a chapter 21 contract even though they were not required to do so, the education code requires that Zapata first employ him under a probationary contract. *See id.* ' 21.102.

Having found that Smith was entitled to a chapter 21 contract under district policy, that he was a full-time professional employee required to hold a teaching certificate, and that he was being employed by Zapata for the first time, the Commissioner could correctly conclude that the education code prohibited Zapata from employing Smith initially under anything but a one-year probationary contract. Because Zapata had no legal authority to enter into any contract with Smith  other than a one-year probationary contract, the Commissioner had the discretion to conclude that signing the multi-year term contract in this case amounted to an *ultra vires* act by the district. School officials may not exceed the authority granted by law. *See Peevy v. Carlile*, 139 S.W.2d 779, 780 (Tex. 1940). Thus, we affirm the

7

decision of the Commissioner that an attempt to sign a teacher, Smith, to a term contract when the education code requires that he be employed under a probationary contract is *ultra vires* and void.

## CONCLUSION

For the reasons discussed above, we affirm the decision of the district court.

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:   July 26, 2002

Do Not Publish