TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00713-CV







Pete Smith, Appellant


v.


Felipe Alanis, Commissioner of Education; and Zapata Independent

School District, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. 99-12114, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING



 

 

 Zapata Independent School District ("Zapata") signed Pete Smith to a three-year term
contract as a head football coach and athletic director. During the first few months of his
employment, Zapata demoted Smith and reassigned him to teach physical education at an elementary
school. Subsequently, Zapata informed Smith that his employment would be terminated at the end
of the first year of his contract. Smith appealed his termination to the Commissioner of Education
("the Commissioner"). The Commissioner determined that Smith could not enforce his three-year
term contract against Zapata because the Texas Education Code prohibited Zapata from entering into
anything other than a one-year probationary contract. The district court affirmed the Commissioner's
ruling. Because we agree with the district court that the Commissioner's determination was correct,
we will affirm.



BACKGROUND

 In July 1997, Zapata hired Smith as a head football coach and athletic director. 
Zapata had a written policy that a full-time professional employee who is required to hold a teaching
certificate, and who is employed by the district for the first time, must be employed under a
probationary contract. Similarly, the education code requires that teachers be employed for the first
time under a one-year probationary contract, which allows a district to terminate that employee at
the end of the year upon a finding that termination is in the best interest of the district. See Tex.
Educ. Code Ann. §§ 21.102, .103 (West 1996 & Supp. 2002). Smith had never been employed by
Zapata and the position for which he was hired required a teaching certificate. Despite its existing
policy, Zapata entered into a three-year term contract with Smith. The contract, which took effect
at the beginning of the 1997-98 school year, contained a provision allowing for transfer or
reassignment. It also contained clauses allowing for early termination under certain circumstances,
including good cause and financial exigency, both of which are recognized by the education code
as valid reasons for termination of a term contract. See id. § 21.211 (West 1996).

 In October 1997, approximately two months into the school year and the football
season, Zapata relieved Smith of his coaching duties and reassigned him as a physical education
teacher at Zapata South Elementary School. Zapata did not reduce Smith's pay as a result of the
reassignment. Smith filed an administrative grievance, alleging that his contract did not authorize
reassignment as a classroom teacher. After Zapata denied his grievance, Smith filed a petition for
review with the Commissioner, contending the reassignment violated his contract and asking to be
reinstated. Zapata argued that the Commissioner lacked jurisdiction because Smith had not pleaded
that he had suffered any monetary harm. Smith responded by arguing that his reassignment as an
elementary school physical education teacher harmed his prospects of advancing into future coaching
positions. The Commissioner determined that he did not have jurisdiction to hear Smith's appeal
because lost earning capacity is not a natural, probable, and foreseeable loss resulting from a breach
of contract. The district court and this Court affirmed the Commissioner's decision. See Smith v.
Nelson, 53 S.W.3d 792 (Tex. App.--Austin 2001, pet. denied).

 In March 1998, while Smith's appeal of his reassignment was ongoing, Zapata
notified Smith that it was terminating his employment at the end of his first year. Zapata did not
base its decision on any of the provisions of the contract allowing for termination. Instead, Zapata
claimed that it did not have the capacity to enter into a three-year term contract with Smith because
the education code limited it to entering into a one-year probationary contract with a first-time
employee who required a teaching certificate.

 Smith again appealed Zapata's action to the Commissioner. In reaching his decision,
the Commissioner relied on a section of the education code mandating that school districts employ
teachers for the first time under a one-year probationary contract. The Commissioner found that
because Smith was a "teacher" for purposes of the education code, Zapata could only have employed
him under a probationary contract. On that basis, the Commissioner determined that the three-year
contract the parties signed was ultra vires and void. Because Zapata terminated Smith's employment
in accordance with the rules for termination of a probationary contract, the Commissioner upheld
Zapata's termination of Smith. The district court affirmed the Commissioner's decision. Smith
brings this appeal.


DISCUSSION

 We review an order by the Commissioner under a substantial evidence standard. See
Hightower v. State Comm'r of Educ., 778 S.W.2d 595, 597 (Tex. App.--Austin 1989, no writ). 
Under the substantial evidence rule, the question is whether reasonable minds could have reached
the same conclusion as the Commissioner. See Lauderdale v. Texas Dep't of Agric., 923 S.W.2d
834, 836 (Tex. App.--Austin 1996, no writ). For purposes of substantial evidence review, questions
of statutory interpretation are questions of law which are not entitled to a presumption of validity. 
Hightower, 778 S.W.2d at 597.

 In this appeal, Smith makes two arguments. First, he argues that the Commissioner

erred in deciding that he was a "teacher" for purposes of the education code. Second, Smith argues
that requiring him to be employed under a probationary contract contradicts a provision of the
education code providing that school districts are only required to employ classroom teachers,
principals, librarians, nurses, and counselors under either a term, continuing, or probationary contract
(collectively "chapter 21 contracts"). See Tex. Educ. Code Ann. § 21.002 (West 1996).

 Two relevant provisions of the education code require school districts to employ
teachers initially under a probationary contract. Section 21.102 provides that "a person who is
employed as a teacher by a school district for the first time . . . shall be employed under a
probationary contract." Id. § 21.102. Similarly, another provision requires that "[b]efore a teacher
may be employed under a term contract, the teacher must be employed under a probationary contract
. . . ." Id. § 21.202 (West 1996). Smith had never before been employed by Zapata, and the contract
the parties signed was clearly a term contract. Thus, both of these provisions of the education code
require that, if Smith is a teacher, Zapata had to employ him under a probationary contract.

 The question becomes whether Smith is a teacher as that term is used in chapter 21
of the education code. "Teacher" is defined as


a principal, supervisor, classroom teacher, counselor, or other full-time professional
employee who is required to hold a certificate issued under Subchapter B or a nurse. 
The term does not include a superintendent or a person who is not entitled to a
probationary, continuing, or term contract under Section 21.002, an existing contract,
or district policy.



Id. § 21.101 (West 1996). (1) So, to qualify as a teacher, a district employee must fall into one of the
groups listed in the first sentence and must be entitled to a chapter 21 contract because of the
education code, an existing contract, or district policy. The Commissioner concluded that Smith was
a full-time professional employee who was required to hold a teaching certificate and that he was
entitled to a probationary contract under existing district policy. On that basis, the Commissioner
found that Smith was a teacher and, thus, was required to be employed for the first time under a
probationary contract.

 Smith in essence concedes that he falls within the full-time professional employee
provision. However, he disputes the Commissioner's conclusion that he was "entitled to" a
probationary contract under district policy. The written district policy clearly requires that when
Zapata Independent School District employs, for the first time, a full-time professional required to
hold a teaching certificate, it must employ that person under a probationary contract. Smith was a
full-time professional employee being employed by Zapata for the first time. He was required to
hold a valid teaching certificate. Given these facts, and in accordance with its written policy, Zapata
could only enter into a probationary contract with Smith.

 Smith argues that Zapata's written policy is irrelevant because in signing him to a
three-year term contract, Zapata effectively waived its policy as to Smith. We reject Smith's
argument. Smith has failed to demonstrate either (1) that Zapata can waive or repeal its formal
written policy on a case-by-case basis, or (2) that it intended to waive or repeal its policy in this case. 
Smith has not cited, and we have not found, any cases that address the issue of waiver of school-district policy. However, in the context of legislative statutes, repeal by implication is not favored. 
See Eppenauer v. Eppenauer, 831 S.W.2d 30, 33 (Tex. App.--El Paso 1992, no writ). The general
rule is that it takes a law to repeal a law. See Abrams, Inc. v. Sebastian, 570 S.W.2d 81, 86 (Tex.
Civ. App.--El Paso 1978, writ ref'd n.r.e.) (citing City of Hutchins v. Prasifka, 450 S.W.2d 829, 832
(Tex. 1970)). Given the importance the education code places on providing notice of district
employment policies, we cannot conclude that a school district should be presumed to waive its
adopted policy each time it acts in a manner inconsistent with that policy. See Tex. Educ. Code Ann.
§ 21.204(d) (West 1996) (requiring schools to distribute copies of all personnel policies to term
contract teachers each year). The incorporation of district policy into the education code for
purposes of determining who districts are required to employ under a probationary contract also
counsels against a presumption that a school district waives its employment policy every time it acts
in a manner inconsistent with its policy. See id. §§ 21.102, .202. Finally, Smith has introduced no
evidence beyond the contract itself to suggest that Zapata intended to waive its policy.

 We also reject Smith's contention that requiring him to be employed initially under
a probationary contract conflicts with other provisions of the education code. Smith relies on section
21.002, which provides that school districts are not required by the education code to employ anyone
other than classroom teachers, principals, librarians, counselors, and nurses under a chapter 21
contract. See id. § 21.002(b). Smith argues that because he is not one of the above mentioned
employees, Zapata is not required to employ him under a chapter 21 contract. Smith's argument fails
because Zapata chose to employ him under a chapter 21 contract. Because Zapata chose to entitle
Smith to a chapter 21 contract even though they were not required to do so, the education code
requires that Zapata first employ him under a probationary contract. See id. § 21.102.

 Having found that Smith was entitled to a chapter 21 contract under district policy,
that he was a full-time professional employee required to hold a teaching certificate, and that he was
being employed by Zapata for the first time, the Commissioner could correctly conclude that the
education code prohibited Zapata from employing Smith initially under anything but a one-year
probationary contract. Because Zapata had no legal authority to enter into any contract with Smith 
other than a one-year probationary contract, the Commissioner had the discretion to conclude that
signing the multi-year term contract in this case amounted to an ultra vires act by the district. School
officials may not exceed the authority granted by law. See Peevy v. Carlile, 139 S.W.2d 779, 780
(Tex. 1940). Thus, we affirm the decision of the Commissioner that an attempt to sign a teacher,
Smith, to a term contract when the education code requires that he be employed under a probationary
contract is ultra vires and void.


CONCLUSION

 For the reasons discussed above, we affirm the decision of the district court.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed: July 26, 2002

Do Not Publish
1. The definition of teacher applicable to section 21.202 of the education code differs only
in that it includes rather than excludes superintendents from the classes of employees that can qualify
as a teacher. See Tex. Educ. Code Ann. § 21.201 (West 1996).