**Doris DODD, Petitioner,**

v.

**Lionel R. MENO, the State Commissioner of Education, in His Official Capacity, and Successor to William N. Kirby, and Wink–Loving Independent School District, Respondent.**

No. D–3633.

Supreme Court of Texas.

Jan. 12, 1994.

Rehearing Overruled March 9, 1994.

Mark W. Robinett, Austin, for petitioner.

Frank J. Knapp, Jr., Dan Morales, Austin, for respondent.

PHILLIPS, Chief Justice, delivered the opinion of the Court, joined by GONZALEZ, HECHT, CORNYN, and ENOCH, Justices.

The question in this case is whether a school nurse is a "teacher" within the meaning of the Term Contract Nonrenewal Act (TCNA), TEX.EDUC.CODE §§ 21.201–.211, and thereby entitled to the protections conferred by that statute. We conclude that the Legislature did not intend the TCNA to apply to school nurses, and we therefore affirm the judgment of the court of appeals.

Petitioner Doris Dodd was employed as a full-time school nurse by the Wink–Loving Independent School District under a contract that expired at the end of the 1987–88 school year. By a letter dated March 16, 1988, the board of trustees of the school district notified her of its decision not to employ her for the upcoming year. The letter did not offer any explanation for the decision. Furthermore, the board denied Dodd's request for a hearing on her nonrenewal.

Dodd perfected an appeal to the Commissioner of Education, who considered the case on a joint stipulation of facts and cross-motions for summary judgment. The Commissioner concluded that Dodd was not a "teacher" under the TCNA and denied the appeal. The district court affirmed, as did the court of appeals. 857 S.W.2d 575.

The TCNA provides for automatic renewal of a teacher's term contract unless the school district complies with certain statutory prerequisites. On or before April 1 preceding the end of the employment term, the school board must give written notice of the proposed nonrenewal, including a statement of reasons for the action. *Id.* § 21.204(a), (c). On request by the teacher within ten days, the board must provide a hearing. *Id.* § 21.-205. This Court recently held that the TCNA gives teachers a constitutionally protected property interest in continued employment. *Grounds v. Tolar Independent School District,* 856 S.W.2d 417 (Tex.1993). It is clear that the school district did not furnish the procedural safeguards required by the TCNA. Thus, if Dodd is entitled to the statute's protections, her appeal should have been allowed.

The TCNA's protections apply only to an employee who is a "teacher," defined therein as "a superintendent, principal, supervisor, classroom teacher, counselor, or other full-time professional employee, except paraprofessional personnel, *who is required to hold a valid certificate or teaching permit.*" TEX. EDUC.CODE § 21.201(1) (emphasis added). The regulations of the State Board of Education, however, require that a school nurse hold *either* a "provisional school nurse certificate" issued by the State Board of Education *or* have a "current registration with the Texas State Board of Nurse Examiners." Tex.Educ.Agency, 19 TEX.ADMIN.CODE

§ 141.249 (West Apr. 1, 1992).[1] To receive a provisional school nurse certificate, the individual must have a current registration with the Texas State Board of Nurse Examiners. *Id.* Thus, all school nurses must hold a current registration with the Board of Nurse Examiners, but not all must have a provisional school nurse certificate.

A provisional school nurse certificate is a type of teaching certificate. *See* Tex.Educ.Agency, 19 TEX.ADMIN.CODE § 141.2(1) and (2) (West Apr. 1, 1992). The fact that the State Board regulations make it possible for a school nurse to obtain a certificate, however, is not the same as requiring all school nurses to hold such a certificate. The parties to this case stipulated that "[p]etitioner holds *no teaching permit or certificate* and none was required by the Wink–Loving School District for the position of school nurse."

Dodd nevertheless claims that because section 141.249 of the State Board of Education regulations allow her "current registration with the Texas State Board of Nurse Examiners" to act as an alternative to a certificate, she falls within the definition of a "teacher" as set forth in TEX.EDUC.CODE § 21.201(1). Since the phrase "teaching" modifies only "permit" and not "certificate" in § 21.201(1), she claims that her registration with the State Board of Nurse Examiners is a certificate within the meaning of "valid certificate or teaching permit." We disagree.

The licensure of nurses is separate from the certification described in 19 TEX.ADMIN.CODE ch. 141 and serves different purposes. All of the certificates described in Chapter 141 entail academic prerequisites, and most types of teacher certificates also require professional development in the form of classroom teaching experience or other in-school experience. The clear purpose is to ensure a certain background or level of expe-rience for all teachers and related professionals which will be relevant to their work in the schools. Thus, the provisional school nurse certificate requires not only a bachelor's degree and current registration with the Texas State Board of Nurse Examiners, but also requires satisfactory completion of a course or certification examination in federal and Texas constitutions and satisfactory completion of six semester hours in American history. In contrast, the nursing regulations require an applicant to have graduated from an accredited nursing program and passed the *National Council Licensure Examination for Registered Nurses.* Their evident purpose is to ensure the medical competence and training of those persons serving as nurses in the State.

Furthermore, the definition of "teacher" in section 21.201(1) is virtually identical to that in the subchapter of the Education Code regarding Teachers' Professional Practices, which defines a teacher as "a superintendent, principal, supervisor, classroom teacher, counselor, or other professional employee who is required to hold a valid certificate or teaching certificate." TEX.EDUC.CODE § 13.-202(1). It seems clear that "certificate" in section 13.202(1) refers to a certificate issued by the Central Education Agency, since the penalty authorized in that subchapter for violations of the ethical code or standards is "suspension or revocation of the teaching certificate of the member." TEX.EDUC.CODE § 13.211. *See Hightower v. State Commissioner of Education,* 778 S.W.2d 595, 598 (Tex.App.—Austin 1989, no writ). If the phrase "valid certificate or teaching permit" is to be construed harmoniously in both sections, then it cannot apply to a nursing license, and therefore, a school nurse cannot be a "teacher" within the meaning of that term in TEX.EDUC.CODE. § 21.201(1).

1. Section 141.249 of the Tex.Admin.Code permits the issuance of a provisional school nurse certificate. The requirements are that the individual have a bachelor's degree, have a current registration with Texas State Board of Nurse Examiners, have completed a course or taken an examination on the federal and Texas constitutions, and have completed six semester hours in American history. Under subsection (b) of this section, "[a]n individual who has current regis-tration with the Texas State Board of Nurse Examiners" and has completed the course or examination may receive the certificate. Under subsection (c), "[a]n individual who has a current registration with Texas State Board of Nurse Examiners may be employed in a school district as a school nurse without a provisional certificate." Tex.Educ.Agency, 19 TEX.ADMIN.CODE § 141.249 (West Apr. 1, 1992).

Finally, this case involves a review of an administrative decision of the Commissioner of Education. As we recently noted in *Tarrant Appraisal District v. Moore*, 845 S.W.2d 820, 823 (Tex.1993): "Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." Although we recognize that remedial statutes such as the TCNA are to be construed broadly, *see, e.g., Burch v. City of San Antonio*, 518 S.W.2d 540, 544 (Tex.1975), we are not inclined to reverse the Commissioner's reasonable determination in an area where he possesses considerable authority and expertise.

Dodd counters by relying on TEX.EDUC. CODE § 16.056(f), which says that "[e]ach person employed in the public schools of this state ... who is assigned to a position classified under the Texas Public Education Compensation Plan must be certified according to the certification requirements or standards for each position as established by rule adopted by the State Board of Education." A school nurse is one of the listed positions in the Compensation Plan. *See id.* § 16.-056(d). However, section 16.056(f) does not create an independent certification requirement. Rather, it adopts the State Board of Education's determination of what certification standards should apply to each classification. *See Hightower*, 778 S.W.2d at 598. Thus, this statute merely invokes the administrative rules already discussed, which do not require a certificate for employment as a school nurse.

The TCNA's definition of a teacher draws a line between those employees required to hold a certificate and those who are not. For the foregoing reasons, we conclude that 19 TEX.ADMIN.CODE § 141.249 places school nurses in the latter category. The court of appeals correctly affirmed the holdings of the trial court and the Commissioner that Dodd was not entitled to invoke the protections of the TCNA.

## GONZALEZ, Justice, concurring.

Ms. Dodd, a long-time school nurse with the Wink–Loving Independent School District, with no teaching duties or teaching certificate, filed suit against the District because her employment contract was not renewed and the District did not give her any reasons for its decision. Whether this is good or bad policy is not the issue. The real issue is whether *the legislature* has given school nurses the same procedural rights regarding notice of reasons for non-renewal of employment contracts that the legislature has given teachers. I agree with the majority of this Court and with Chief Justice Carroll and Justices Jones and Kidd of the Austin Court of Appeals that the legislature did not, intentionally or unintentionally, give school nurses those rights. It would be sound public policy for the legislature to grant school nurses the rights included in the Term Contract Nonrenewal Act—however, this is not our decision to make. We should not re-write statutes under the guise of interpreting them, as the dissent would have us do. I thus join in the opinion and concur in the judgment of the Court.

## SPECTOR, Justice, joined by HIGHTOWER, DOGGETT, and GAMMAGE, Justices, dissenting.

Doris Dodd is not claiming that she is entitled to keep her job as a school nurse. All she claims is that after more than twenty years with the Wink–Loving Independent School District, she is entitled to know the reasons why the school district is not renewing her term contract, and to have a chance to be heard in regard to those reasons. The Texas Legislature considered those interests so important to public education that it accorded them constitutional protection. *See Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417 (Tex.1993). Today, however, the majority strips Doris Dodd of her constitutionally-protected rights, and allows Texas school districts to arbitrarily refuse to renew school nurses' contracts without any notice or hearings at all. I dissent.

In reaching its result, the majority substantially modifies the language of the Term Contract Nonrenewal Act, TEX.EDUC.CODE §§ 21.201–.211. This Act guarantees procedural safeguards to protect certain profes-

sional school employees—grouped together as "teachers"—from arbitrary and capricious nonrenewals. *See Seifert v. Lingleville Indep. Sch. Dist.,* 692 S.W.2d 461, 462 (Tex. 1985). The Act defines the term "teacher" as "a superintendent, principal, supervisor, classroom teacher, counselor, or other full-time professional employee, except paraprofessional personnel, who is required to hold a valid certificate or teaching permit." Tex. Educ.Code § 21.201(1).

The majority does not dispute that Doris Dodd is a "full-time professional employee" for purposes of the statute. Rather, it focuses on the other requirements in section 21.-201(1), and concludes that Dodd is not "required to hold a valid certificate or teaching permit."

The State Board of Education requires every school nurse to hold a current registration with the Texas State Board of Nurse Examiners. 19 Tex.Admin.Code § 141.249 (West April 1, 1992). To be registered with the Board of Nurse Examiners, a nurse must hold a certificate, attested by the seal of the Board, verifying that the nurse passed a prescribed examination. Tex.Rev.Civ.Stat. Ann. art. 4518, § 3 (Vernon Supp.1994). The effect of these provisions is clear: a school nurse is required to hold a valid certificate.

The majority holds, however, that a nursing certificate is not really a certificate at all. In support of this conclusion, the majority observes that the certification of teachers "serves different purposes" from the licensure of nurses. 870 S.W.2d at 6. This is, of

course, true; and the legislature surely understood this difference when it enacted the Term Contract Nonrenewal Act. Nonetheless, in drafting the statute, the legislature extended protection to any "professional employee ... who is required to hold a valid certificate *or* teaching permit." Tex.Educ. Code § 21.201(1) (emphasis added).

With today's opinion, the majority has uprooted the word "teaching" and moved it three words to the left, over the disjunctive "or," so that it now modifies the term "certificate." [1] The legislature certainly could have drafted the statute to refer to "teaching certificates," but it chose not to do so. This legislative decision was perfectly rational: recognizing that not all professionals employed by a school district are subject to certification by the Central Education Agency, the legislature deliberately extended term-contract protection to those other professionals, such as nurses and psychologists, who are subject to certification within their own professions.[2]

The legislature took a similar approach when it enacted the Teachers' Professional Practices Act, Tex.Educ.Code §§ 13.201–.218. This Act, like the Term Contract Nonrenewal Act, defines "teacher" broadly to include any "professional employee who is required to hold a valid certificate or teaching permit." § 13.202(1). The ethical standards established under the Act govern all "Texas educators," 19 Tex.Admin.Code § 177.1,[3] and include provisions applicable to

---

1. The concurring opinion by Justice Gonzalez disingenuously asserts that this dissent, rather than the majority, would have the Court "rewrite statutes under the guise of interpreting them." 870 S.W.2d at 7. To be clear: I would not rewrite one word of the Term Contract Nonrenewal Act. I would read "valid certificate" to mean exactly that—a valid certificate. Justice Gonzalez, in contrast, provides a fifth vote for Chief Justice Phillips' opinion—along with Justices Hecht, Cornyn, and Enoch—in which the majority rearranges the clear wording of the Act and declares that a nurse is not required to hold a valid certificate. *Cf.* Tex.Rev.Civ.Stat.Ann. art. 4518, § 3 (Vernon Supp.1994) (requiring a nurse to hold a valid certificate).

2. This view is corroborated in an amicus curiae brief filed by the Texas Classroom Teachers Association, an organization composed of some 30,-

000 non-administrative, certified employees of the Texas public schools. According to the Association, "[t]he bottom line is that the legislature did intend and did enact procedural protections to cover a purposefully broad category of people. This category intends to extend its protection to Petitioner, a full-time, certified professional employee who was working as a nurse for Wink-Loving Independent School District."

3. These standards would seem to encompass the entire membership of the Association of Texas Professional Educators, a non-profit, incorporated organization dedicated to improving educational opportunities through the public schools. In an amicus curiae brief filed with this Court, the Association states that it has always included nurses in its membership, and that "to draw an arbitrary line to exclude [Doris Dodd] would do a great disservice to one of the most

all professionals in public education.[4] Administrative penalties under the Act, however, attach only to those actually holding teacher's certificates. *See* TEX.EDUC.CODE § 13.211 (authorizing "suspension or revocation of the teaching certificate of the member"); 19 TEX.ADMIN.CODE § 181.1–.2 (allowing only complaints by or against an "active certificated member of the teaching profession," defined to include only one who holds a "valid Texas teacher's certificate"). Thus, while the Professional Practices Act does create general standards of conduct, its enforcement by the Teachers' Professional Practices Commission implicates only those holding teacher's certificates; like the Term Contract Nonrenewal Act, the Professional Practices Act entrusts other professional boards with responsibility for ensuring the qualifications of those they certify.

The majority reshapes this regulatory framework by declaring that the scope of the Professional Practices Act, set out in section 13.201(1), does not extend beyond the reach of its enforcement procedures, set out in section 13.211. Presumably, the Teachers' Professional Practices Commission will now have to revamp its regulations so that its standards of conduct, 19 TEX.ADMIN.CODE § 177.1, will have the same narrow scope as its enforcement provisions, 19 TEX.ADMIN.CODE § 181.1–.2. This will have the effect of exempting certain professionals in Texas schools—such as nurses and school psychologists—from the Code of Ethics established for all Texas educators.

· Having rewritten the definition of "teacher" in the Teachers' Professional Practices Act, the majority then makes the additional leap of extending the same definition to the Term Contract Nonrenewal Act. The majority never explains why these two statutes—enacted ten years apart, for wholly different purposes—must be construed identically; ordinarily, the "dominant consideration in construing a statute" is "the purpose for which the statute was enacted." *Flowers v. Demp-*

*sey–Tegeler & Co.*, 472 S.W.2d 112, 115 (Tex. 1971).

This court has previously recognized that the Term Contract Nonrenewal Act was enacted to remedy a lack of procedural safeguards. *Seifert v. Lingleville Indep. Sch. Dist.*, 692 S.W.2d at 462. As a remedial statute, the Act must be given "the most comprehensive and liberal construction possible." *Burch v. City of San Antonio*, 518 S.W.2d 540, 544 (Tex.1975). Discarding this longstanding rule, the majority defers to the Education Commissioner's construction of the statute. 870 S.W.2d at 7. Such deference overlooks the history of the Act; it was the reluctance of the Commissioner and the school districts to provide procedural safeguards that necessitated enactment of the statute in the first place.

Doris Dodd's contract with the Wink–Loving Independent School District is entitled, "One–Year Teacher Term Contract." The majority holds, however, that she is not entitled to the protection state law expressly provides for one-year teacher term contracts—thus sanctioning her arbitrary nonrenewal, without explanation, after more than twenty years of service. I strongly object to this roughshod treatment of one whose role is vital to public education. I would reverse the judgment of the court of appeals and provide Doris Dodd the hearing to which she is entitled.

---

important professionals employed by a school district."

4. *See, e.g.,* § 177.1(c)(2) (requiring "mental health, physical stamina, and social prudence"),

(d)(5) (prohibiting discrimination, coercion, and harassment), (e)(3) (prohibiting disclosure of confidential information concerning students).