# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00074-CV

**Henrietta Flores, Appellant**

**v.**

**Employees Retirement System of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. GN001862, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## DISSENTING OPINION

I would hold that the Board's order is supported by the record and that the judgment of the trial court should be affirmed. Accordingly, I respectfully dissent.

By two points of error, Flores challenges the Board's interpretation and application of Texas Government Code section 811.001(12). *See* Tex. Gov't Code Ann. § 811.001(12) (West Supp. 2002). Although not binding, the interpretation of a statute by the administrative agency charged with its enforcement is entitled to great weight. *See State v. Public Util. Comm'n*, 883 S.W.2d 190, 196 (Tex. 1994) (citing *Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex. 1994); *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993)). We look to the administrative construction of the statute in question and determine "whether the administrative interpretation 'is plainly erroneous or inconsistent with the regulation.'" *Public Util Comm'n v. Gulf States Utils. Comm'n*, 809 S.W.2d

201, 207 (Tex. 1991) (citing *United States v. Larinoff*, 431 U.S. 864, 872 (1977) (quoting *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 414 (1945))); *see also In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 490-91 (Tex. 2001) ("[W]hile we may defer to an agency's interpretation of the statute it administers, we owe no such deference when the agency's interpretation is unreasonable.") (citations omitted). Absent evidence that the Board is disregarding the plain language of its rules, we look to its expertise in calibrating the technical aspects and integrating the policy considerations of this complex statutory scheme.

The majority's decision focuses on the Board's rejection of the ALJ's findings of facts and conclusions of law. Despite recognizing the distinction between adjudicative and legislative facts, the majority makes no attempt at articulating the implications or application of that distinction to the facts of this case. While the Board should defer to the ALJ's adjudicative fact findings, it is entitled to disregard the ALJ's legislative findings of fact. *See Tarrant County v. Ashmore*, 635 S.W.2d 417 (Tex. 1982); *Scott v. Texas State Bd. of Med. Exam'rs*, 384 S.W.2d 686 (Tex. 1964); *Exxon Corp. v. Railroad Comm'n*, 993 S.W.2d 704 (Tex. App.—Austin 1999, no pet.); *WBD Oil & Gas Co. v. Railroad Comm'n*, 35 S.W.3d 34 (Tex. App.—Austin 1999, pet. granted); *see also* F. Scott McCown & Monica Leo, *When Can an Agency Change the Findings or Conclusions of an Administrative Law Judge?*, 50 Baylor L. Rev. 65, 75-77 (1998). In my view, the record does not support the majority's characterization of the Board's actions. Without the appropriate analysis, we cannot determine whether the Board correctly applied the facts to the law.

The majority misunderstands the Board's argument because it fails to define the causation requirement in the context of the statutory scheme. An occupation disability is defined as a disability resulting "from an injury or disease that directly results from a specific act or occurrence

2

*determinable by a definite time and place*, and directly results from a risk or a hazard peculiar to and inherent in a duty that arises from and in the course of state employment." Tex. Gov't Code Ann. § 811.011(12) (emphasis added). The majority opinion treats the phrase "determinable by a definite time and place" as mere surplusage. In interpreting statutes, we are to give effect to the plain meaning of words and presume that every word in a statute is used for a purpose. *See* Tex. Gov't Code Ann. § 311.021(2) (West 1998); *Texas Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000). The majority's reading negates language that bears separate meaning.

Because the majority fails to adhere to fundamental rules of statutory interpretation and applies an inappropriate causation standard, its analysis is flawed and I respectfully dissent.

Jan P. Patterson, Justice

Before Justices Kidd, B. A. Smith and Patterson

Filed:   April 18, 2002

Publish

3