# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

—————
### NO. 03-03-00227-CV
—————

**Donna Amaral-Whittenberg, Appellant**

**v.**

**Felipe Alanis, Commissioner of Education, and Castleberry Independent School District, Appellees**

—————
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. GN202180, HONORABLE DARLENE BYRNE, JUDGE PRESIDING
—————

## O P I N I O N

This case concerns the authority of school districts to implement and enforce policies involving employees' statutory personal leave. *See* Tex. Educ. Code Ann. § 22.003(a) (West 2004). Appellant Donna Amaral-Whittenberg argues that various personal leave policies of Castleberry Independent School District (the District) violate the education code's directive that a school district board of trustees may not restrict the purposes for which leave may be used. *See id.* The district court affirmed the decision of the Commissioner of Education (the Commissioner) that the District's policies do not violate the education code. On appeal, Amaral-Whittenberg argues in five issues that the district court erred. We affirm the judgment of the district court.

# BACKGROUND

Amaral-Whittenberg was employed by the District as a classroom teacher. In February 2001, she requested five consecutive paid personal leave days to be taken from March 5 through March 9, the week before the District's spring break holiday. She gave as her reason for taking five days consecutive leave that she wanted to spend time with her new grandchild. The school principal granted her two paid personal leave days for March 5 and March 6 but denied the other three requested days because March 7 would have been the third consecutive day of paid leave, two other teachers in the school in which she worked had already requested to take personal leave on March 8, and March 9 was the day before a school holiday. The principal relied on the District's local leave policy, DEC(LOCAL),[1] which provides in relevant part:

> TYPES OF STATE PERSONAL LEAVE
> Under authority of Education Code 22.003 and to preserve the employee's leave entitlement while minimizing disruption to the instructional program, the Board requires employees to differentiate between uses of personal leave:
>
> DISCRETIONARY
> 1.  To be taken at the individual employee's discretion, subject to the limitations set out below.
>
> NON-DISCRETIONARY
> 2.  To be used for the same reasons and in the same manner as state sick leave accumulated prior to May 30, 1995. [See DEC(LEGAL)]

---

[1] The District uses the terms "DEC(LOCAL)" and DEC(LEGAL) to refer to its local leave policies.

USE OF DISCRETIONARY LEAVE

> REQUEST FOR LEAVE
> A notice of request for discretionary personal leave shall be submitted to the principal or designee two days in advance of the anticipated absence; discretionary personal leave shall be granted on a first-come, first-served basis, with a maximum of two employees in each category permitted to be absent at the same time for discretionary personal leave.
>
> Use of discretionary personal leave shall be considered granted unless the principal or designee notifies the employee to the contrary within 18 hours of receipt of the request.
>
> DURATION OF LEAVE
> Discretionary personal leave may not be taken for more than two consecutive days, except in extenuating circumstances as determined by the Superintendent.
>
> SCHEDULE LIMITATIONS
> Discretionary personal leave shall not be allowed on the day before a school holiday, the day after a school holiday, days scheduled for end-of-semester or end-of-year exams, days scheduled for TAAS tests, professional or staff development days, or the first or last day of a semester.

The District allowed Amaral-Whittenberg to take the three denied days as days of unpaid leave.

Amaral-Whittenberg filed a grievance with the District concerning the three denied days and claimed that various provisions of the DEC(LOCAL) violate the education code. *See* Tex. Educ. Code Ann. § 22.003(a).[2] The District denied her grievance, and the Commissioner denied her

---

[2] The statute at issue in this case provides

> A state minimum personal leave program consisting of five days per year personal leave with no limit on accumulation and transferable among districts shall be provided for school district employees. School districts may provide additional personal leave beyond this minimum. The board of trustees of a school district may adopt a policy governing an employee's use of personal leave granted under this subsection, except that the policy may not restrict the purposes

3

appeal in a written decision.  Texas Comm'r of Educ., *Amaral-Whittenberg v. Castleberry Indep. Sch. Dist.*, Docket No. 003-R10-901, at *10 (Apr. 26, 2002) (hereinafter, Decision of Comm'r of Educ.).

The Commissioner both articulated a set of standards and applied those standards to the policies about which Amaral-Whittenberg complained in her grievance.  *See generally id*.  First, the Commissioner stated the standards by which he would judge personal leave policies:

> A personal leave policy must meet the following standards.  A personal leave policy must be neutral on its face as to the purpose for which leave is taken.  It cannot distinguish between worthy and unworthy uses for leave.  *Rogers v. Poteet Independent School District*, Docket No. 087-R10-498 (Comm'r Educ. 1998).  There must also be a rational basis for the policy.  A personal leave policy that makes it difficult or impossible for teachers to use their yearly allotment of leave would not be a legitimate use of the policy making authority.

*Id*. at *4.

The Commissioner then applied this policy to the particular provisions of DEC(LOCAL) about which Amaral-Whittenberg complained.  *Id*. at *5-6.  He found each of the policies to be facially neutral.  *Id*.  He then turned to the District's stated justifications for the policies.  First, when considering the District's limitation that only two consecutive days may be taken for paid personal leave, he noted that the District implemented this policy because "continuity is good for children."  *Id*. at *5.  Although he commented that it has not been decisively proven that

---

for which the leave may be used.

Tex. Educ. Code Ann. § 22.003(a) (West Supp. 2004).

4

a continuous five-day absence has a more detrimental effect on children than five days of absence in increments of one or two days, he concluded that a rational school board could make that decision. *Id.* Next, when he looked at the District's restriction that only two employees per category may take paid personal leave on any given day, he determined that the District's reasoning that the policy minimizes the difficulty in obtaining substitute teachers forms a rational basis for the policy. *Id.* He also found that it is not unreasonable to consider a campus as a category in applying this restriction. *Id.* at *5 n.1. Finally, the Commissioner considered Amaral-Whittenberg's challenge to the policy that an employee may not take paid personal leave the day before or after a school holiday, among other days, and found a rational basis in the record for the prohibition on taking personal leave on those days. *Id.* at *6.

The Commissioner further indicated that nothing in the record showed that these policies would make it difficult or impossible for teachers to use their yearly allocation of leave. *Id.* at *5-6. Thus, he determined that the policies meet Commission standards interpreting the education code. *Id.* As a result, he made conclusions of law that these policies do not violate the requirements of the education code. *Id.* at *8-9.

The district court affirmed the decision of the Commissioner. *See generally* Tex. Educ. Code Ann. § 7.057 (West Supp. 2004). This appeal followed.

## DISCUSSION

### *Facial Challenge*

In her second issue, Amaral-Whittenberg argues that the District's personal leave policy, both facially and as applied, restricts the purposes for which personal leave days may be

5

used.[3]  In particular, she presents these arguments as they relate to three sub-issues: (1) the restriction that only two employees per category may take paid personal leave on any given day; (2) the limitation that only two consecutive days may be taken for paid personal leave; and (3) the policy that an employee may not take paid personal leave the day before or after a school holiday.[4]

Amaral-Whittenberg summarizes her facial challenge in this way: that the policies, by denying leave on certain days, actually have the effect of restricting the purposes for taking many kinds of personal leave. She argues that the Commissioner's standard—that policies be facially neutral, have a rational basis, and not make it impossible or difficult to use personal leave—constitutes an exception to the statutory requirement.[5]  We disagree.

---

[3] In her first issue, Amaral-Whittenberg argues that the District unlawfully denied her request for five consecutive days of paid leave, but she does not brief this issue separately from her second issue. Rather, she only states that the "restrictions and prohibitions imposed on District employees by DEC(LOCAL) in their use of this valuable and important statutory benefit are unlawful." In addition, in her fifth issue, Amaral-Whittenberg states both that the Commissioner's decision was arbitrary, capricious, unlawful, and not supported by substantial evidence and that his conclusions of law are erroneous. However, she does not argue any points of this issue on a basis independent from her facial or as-applied challenges. Therefore, we consider her first and fifth issues to be merely restatements of her facial and as-applied challenges to the District's policies.

[4] Amaral-Whittenberg also argues facial and as-applied challenges to the policy requiring two-days' advance notice to the school in order to take personal leave. However, she did not present those claims to the Commissioner. Rather, she first mentioned the two-day notice requirement in her motion for rehearing to the Commissioner only to complain that the Commissioner failed "to accurately list all the reasons for disallowing a request for state personal leave." As well, she did not argue facial or as-applied challenges to this requirement in her brief to the district court. As a rule, a party may not raise an issue for the first time on appeal. *Dreyer v. Green*, 871 S.W.2d 697, 698 (Tex. 1993). Because the Commissioner never had the opportunity to consider these claims, Amaral-Whittenberg waived her arguments concerning the two-day notice requirement.

[5] For example, Amaral-Whittenberg states that, because the leave policies prohibit using more than two consecutive days of paid leave, the policies actually would restrict a teacher from going on a five-day hunting trip.

In order to consider whether the DEC(LOCAL) rules violate the education code, we must construe the code's provisions. Statutory construction is a matter of law, which we review *de novo*. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). The primary rule of statutory interpretation is to look at the intent of the legislature and construe the statute so as to give effect to that intent. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex. 1994). To determine legislative intent, we may consider the language of the statute, the legislative history, the nature and object to be obtained, and the consequences that would follow from alternate constructions. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 380 (Tex. 1998); *Union Bankers Ins. Co.*, 889 S.W.2d at 280. However, the construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, as long as the construction is reasonable and does not contradict the plain language of the statute. *See Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex. 1994); *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993). In matters of education law, courts should defer to the Commissioner's reasonable determination in an area where he possesses authority and expertise. *Dodd*, 870 S.W.2d at 7.

Section 22.003(a) allows school districts to adopt policies "governing an employee's use of personal leave" but "may not restrict the purposes for which the leave may be used." Tex. Educ. Code Ann. § 22.003(a). Any regulation of leave necessarily involves setting standards by which leave will be granted on some days and denied on others. However, the fact that a regulation could have the effect of denying leave on some days does not automatically transform that regulation into one that restricts the purposes for which leave may be used.

7

We believe the standard articulated by the Commissioner to be a reasonable interpretation of the legislature's intent in section 22.003(a). *See* Decision of Comm'r of Educ., at *4. It ensures that proper regulations will not distinguish between worthy or unworthy uses of leave. *Id*. It compels a rational basis for each policy. *Id*. It focuses on the intent of the legislature in granting guaranteed personal leave for school employees by setting as a boundary that any leave policy must not make it difficult or impossible for a school employee to use guaranteed leave. *Id*.; *see also* Tex. Educ. Code Ann. § 22.003(a). Because the Commissioner's standard requires facial neutrality on the part of leave policies and because the standard employs the goals of section 22.003(a) in crafting a reasoned approach to evaluating individual policies, we will defer to the Commissioner and adopt his standard in evaluating Amaral-Whittenberg's facial challenge to the District's leave policies. *See Dodd*, 870 S.W.2d at 7.

We now apply the Commissioner's standard to the policies challenged in this case. Each of the policies is facially neutral in its application. None of the policies makes it difficult or impossible for a teacher to use statutory personal leave. *See* Decision of Comm'r of Educ., at *5-7; DEC(LOCAL). The District formulated a rational basis for its policies. First, the restriction that only two employees per category may take paid personal leave on any given day is grounded in a school's need to manage its resource of substitute teachers. Decision of Comm'r of Educ., at *5-7. Second, the limitation that only two consecutive days may be taken for paid personal leave addresses the need to provide continuity in the classroom to minimize disruption to the educational process. *See id*.

Finally, the District offers two reasons for the policy prohibiting the taking of personal leave the day before or after a school holiday. It points out that this policy guards

educational continuity for children by preventing teachers from extending their vacations by using personal leave. Otherwise, it cautions that the first or last day of school could leave a school district with a school staffed only by substitute teachers. In addition, it notes that in its experience the day before a school holiday is often the most difficult day on which to find a substitute teacher because maintaining discipline among the children is often problematic on those days. We find these to be more than adequate reasons for the District's policy.

Applying the Commissioner's standard to the challenged policies, we hold that the District's policies comply facially with the requirements of section 22.003(a). *See* Decision of Comm'r of Educ., at *4-7. We overrule Amaral-Whittenberg's facial challenge to the District's personal leave policies.

### *As-applied Challenge*

To address Amaral-Whittenberg's as-applied challenge, we must consider the evidence as presented to the Commissioner, and we confine our review to the administrative record. *See* Tex. Gov't Code Ann. § 2001.175(e) (West 2000). We review the record under the substantial evidence rule. *See* Tex. Educ. Code Ann. § 7.057(c); *Havner v. Meno*, 867 S.W.2d 130, 132 (Tex. App.—Austin 1993, no writ). The substantial evidence rule is a reasonableness test or a rational-basis test. *State v. Public Util. Comm'n*, 883 S.W.2d 190, 203 (Tex. 1994). Thus, we are to consider the reasonableness of the Commissioner's order rather than the correctness of the order. *Id.* Although substantial evidence is more than a mere scintilla, the evidence in the record may actually preponderate against the decision of the Commissioner and nonetheless amount to substantial evidence. *Id.* at 204. The findings, inferences, conclusions, and decisions of the Commissioner are

9

presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *Id.*; *Imperial Am. Res. Fund, Inc. v. Railroad Comm'n*, 557 S.W.2d 280, 286 (Tex. 1977).

The record in this case contains the following evidence: Amaral-Whittenberg requested five days of paid personal leave; she requested that leave because she wanted to spend time with her new grandchild; and the school principal denied her request by relying on the District's leave policies. There is no evidence in the record either that the school principal inquired into Amaral-Whittenberg's reasons or that the principal's decision was related in any way to Amaral-Whittenberg's reasons for requesting leave. Thus, Amaral-Whittenberg has failed to offer evidence to overcome our presumption that the decision of the Commissioner is supported by substantial evidence. We overrule her as-applied challenge to the District's leave policies.

### Extenuating Circumstances, Bereavement Leave, and Leave for Religious Observances

In her third issue, Amaral-Whittenberg argues that the District violated its policies by denying her request for paid leave because it failed to consider extenuating circumstances in her case. In relation to her second issue, Amaral-Whittenberg presents facial challenges to District policies concerning bereavement leave and accommodations for religious observances. However, Amaral-Whittenberg first presented these arguments in district court and did not argue them to the Commissioner. In grievance proceedings under the education code, the district court sits as an appellate court and reviews only the administrative record. Tex. Educ. Code Ann. § 7.057(d); *Wylie Indep. Sch. Dist. v. Central Educ. Agency*, 488 S.W.2d 166, 169 (Tex. Civ. App.—Austin 1972, writ ref'd n.r.e.). As a rule, a party may not raise an issue for the first time on appeal. *Dreyer v. Green*, 871 S.W.2d 697, 698 (Tex. 1993). Therefore, Amaral-Whittenberg has waived these arguments.

10

We overrule her third issue and her facial challenge to the District's bereavement and religious-observance leave policies.

*Breach of Contract*

In her fourth issue, Amaral-Whittenberg argues that the District breached its employment contract. This breach occurred, she argues, because the District relied on its leave policies, which allegedly violate the education code, to deny her the three days of paid leave. *See* Tex. Educ. Code Ann. § 22.003(a). Because we find that the District's leave policies do not violate the education code and because Amaral-Whittenberg relies only on that alleged violation in claiming a breach of contract, Amaral-Whittenberg's breach-of-contract claim fails. We overrule her fourth issue.

## CONCLUSION

Because we overrule Amaral-Whittenberg's issues on appeal, we affirm the judgment of the district court affirming the decision of the Commissioner.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: December 4, 2003

11