ACCEPTED
03-14-00774-CV
5976703
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/8/2015 11:22:47 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00774-CV

_____

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/8/2015 11:22:47 AM
JEFFREY D. KYLE
Clerk

_____

**TEXAS STATE BOARD OF VETERINARY MEDICAL EXAMINERS, and
NICOLE ORIA, in Her Official Capacity as Executive Director**
*Appellants/Cross-Appellees*,

**v.**

**ELLEN JEFFERSON, D.V.M.,**
*Appellee/Cross-Appellant*.

_____

**On Appeal from the 127th Judicial District Court of Travis County, Texas
Cause No. D-1-GN-14-000287
The Honorable Gisela D. Triana presiding**

_____

**BRIEF OF APPELLANTS/CROSS APPELLEES TEXAS STATE BOARD
OF VETERINARY MEDICAL EXAMINERS AND NICOLE ORIA, IN HER
OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR**

_____

**KEN PAXTON**
**Attorney General of Texas**

**CHARLES E. ROY**
**First Assistant Attorney General**

**JAMES E. DAVIS**
**Deputy Attorney General for
Civil Litigation**

**DAVID A. TALBOT, JR.**
**Chief, Administrative Law Division**

**TED A. ROSS**
**Assistant Attorney General**
**State Bar No. 24008890**
**OFFICE OF THE TEXAS ATTORNEY
GENERAL**
**ADMINISTRATIVE LAW DIVISION**
**P.O. Box 12548**
**Austin, Texas 78711-2548**
**Telephone: (512) 475-4191**
**Facsimile: (512) 457-4674**
**Email: ted.ross@texasattorneygeneral.gov**
*Attorneys for Appellants/Cross-Appellees*

**ORAL ARGUMENT CONDITIONALLY REQUESTED** **July 8, 2015**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... ii

INDEX OF AUTHORITIES................................................................................... iii

RECORD AND PARTY REFERENCES ................................................................ iv

STATEMENT OF THE CASE..................................................................................v

REQUEST FOR ORAL ARGUMENT ................................................................... vi

ISSUES PRESENTED FOR REVIEW ................................................................... vi

STATEMENT OF FACTS ........................................................................................2

SUMMARY OF THE ARGUMENT .........................................................................4

ARGUMENT .............................................................................................................4

I.       STANDARD OF REVIEW .........................................................................4

II.      REGULATORY BACKGROUND...............................................................5

III.     DR. JEFFERSON'S APA RULE CHALLENGE IS WITHOUT MERIT .....6

       A.    Both rules are consistent with the Act, including the "Ownership
            Exemption."................................................................................................7

CONCLUSION AND PRAYER ...............................................................................10

CERTIFICATE OF COMPLIANCE.........................................................................12

CERTIFICATE OF SERVICE .................................................................................12

# INDEX OF AUTHORITIES

## Cases

*Dodd v. Meno*, 870 S.W.2d 4 (Tex. 1994)..................................................................5

*Reliant Energy, Inc. v. Public Util. Comm'n of Tex.*, 62 S.W.3d 833
    (Tex. App.—Austin 2001, no pet.)..................................................................5

*Tex. Dep't of Human Servs. v. Christian Care Ctrs., Inc.*, 826 S.W.2d 715
    (Tex. App—Austin 1992, writ denied)..........................................................6

*Tex. Orthopaedic Ass'n v. Tex. State Bd. of Med. Exam'rs*, 254 S.W.3d 714
    (Tex. App.—Austin 2008, pet. denied) .......................................................4, 5

## Statutes

Tex. Civ. Prac. & Rem. Code § 37.001 ......................................................................3

Tex. Gov't Code § 2001.038.......................................................................................3

Tex. Gov't Code § 801.004(1).................................................................................7, 8

Tex. Occ. Code § 801.151 ..........................................................................................5

Tex. Occ. Code § 801.151(b).......................................................................................6

Tex. Occ. Code § 801.151(c)(1) ..............................................................................5, 6

Tex. Occ. Code §§ 801.402(4), (6), (12), (13), (16)...................................................6

## Rules

22 Tex. Admin. Code § 573.72...................................................................... passim

22 Tex. Admin. Code § 573.80(2) ................................................................. passim

# RECORD AND PARTY REFERENCES

The clerk's record will be referred to as "CR ____."

The supplemental clerk's record will be referred to as "Supp. CR ___."

Appellants/Cross-Appellees, the Texas State Board of Veterinary Medical Examiners, and Nicole Oria in Her Official Capacity as Executive Director, will be collectively referred to as the "Board" unless otherwise designated.

Appellee/Cross-Appellant, Ellen Jefferson, D.V.M., will be referred to as "Dr. Jefferson."

**STATEMENT OF THE CASE**

Dr. Jefferson filed the underlying district court suit, requesting declaratory and injunctive relief with respect to a pending Board disciplinary proceeding and various Board rules. CR 4. She then filed an amended petition wherein she asserted a number of challenges to the Board's rules, two of which are at issue in this interlocutory appeal. CR 186.

The Board filed a plea challenging the district court's subject matter jurisdiction over Dr. Jefferson's rule challenge, as well as her claims under the Texas Uniform Declaratory Judgment Act ("UDJA"). CR 67.

The district court carried the Board's plea with the trial of Dr. Jefferson's other claims. After trial, the court issued a judgment granting the Board's plea with respect to Dr. Jefferson's UDJA claims, and denying the Board's plea regarding her rule challenge. CR 855. *See also* Exhibit 1. The court ruled that it had jurisdiction over Dr. Jefferson's rule challenge and went on to uphold the validity of the Board rules in question, with the exception of Board Rules 573.72 and 573.80(2). 22 Tex. Admin. Code §§ 573.72; 573.80(2). *Id*.

The Board then timely filed this interlocutory appeal of the denial of its plea on the rule challenge and the Court's invalidation of Board Rules 573.72 and 573.80(2). Suppl. CR 3.

Dr. Jefferson thereafter filed a counter-appeal regarding the dismissal of her UDJA claims. Suppl. CR 5.

## CONDITIONAL REQUEST FOR ORAL ARGUMENT

The issues related to Dr. Jefferson's rule challenge are purely legal in nature, and the Board therefore does not believe that oral argument would assist the Court with respect to those issues. However, the Board reserves the right to oral argument should it be granted.

## ISSUES PRESENTED FOR REVIEW

Are Board rules 573.72 and 573.80(2) consistent with the "Ownership Exemption" in the Veterinary Practice Act?

NO. 03-14-00774-CV

_____

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

_____

TEXAS STATE BOARD OF VETERINARY MEDICAL EXAMINERS, and
NICOLE ORIA, in her Official Capacity as Executive Director

*Appellants/Cross-Appellees*,

v.

ELLEN JEFFERSON, D.V.M.,

*Appellee/Cross-Appellant.*

_____

On Appeal from the 127th Judicial District Court of Travis County, Texas
Cause No. D-1-GN-14-000287
The Honorable Gisela D. Triana presiding

_____

BRIEF OF APPELLANTS/CROSS APPELLEES TEXAS STATE BOARD
OF VETERINARY MEDICAL EXAMINERS AND NICOLE ORIA, IN HER
OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellants/Cross-Appellees, the Texas State Board of Veterinary Medical

Examiners, and Nicole Oria, in Her Official Capacity as Executive Director

(hereinafter collective referred to as the "Board" unless otherwise designated), by

and through the Office of the Attorney General of Texas and the undersigned

Assistant Attorney General, submit the following brief in the captioned appeal.

## STATEMENT OF FACTS

1. Dr. Jefferson holds a license to practice veterinary medicine in Texas. CR 5, ¶ 1.

2. Dr. Jefferson is the founder and chief executive officer of San Antonio Pets Alive! ("SAPA"), a "no-kill" animal shelter located in San Antonio, Texas. *Id.*

3. On November 23, 2012, the Board received a complaint from a foster care provider about Dr. Jefferson's conduct related to a three-year old female German Shepherd named Starlight, who had been fostered out by SAPA. CR 56. The complaint asserted several allegations about Dr. Jefferson's diagnoses of Starlight. CR 56-61. The complaint also alleged that drugs Dr. Jefferson prescribed for Starlight's care were not properly administered, but were instead left on a SAPA volunteer's front porch without proper labeling. CR 59.

4. After an informal settlement conference, review by the Board's enforcement committee, and written notice to Dr. Jefferson, the Board filed a notice of hearing at the State Office of Administrative Hearings ("SOAH"), alleging violations of Chapter 801 of the Texas Occupations Code and administrative rules. CR 53-63. In particular, the Board alleges that Dr. Jefferson:

- failed to establish a veterinary client patient relationship prior to diagnosing and treating Starlight and prior to prescribing and dispensing medication;

- failed to treat Starlight with the required minimum standard of care;

2

- failed to maintain proper patient records;

- failed to properly label medication; and

- engaged in a pattern of acts that indicate consistent malpractice, negligence, or incompetence in the practice of veterinary medicine.

*Id.*

5. Instead of proceeding with the Starlight complaint before SOAH, Dr. Jefferson filed the underlying district court case, asserting claims for declaratory relief under the Texas Uniform Declaratory Judgments Act ("UDJA"), as well as for injunctive relief. CR 4. *See* Tex. Civ. Prac. & Rem. Code §§ 37.001, *et seq*. She later filed an amended petition wherein she challenged several Board rules under the Texas Administrative Procedure Act ("APA"), including the two rules in question in this proceeding. CR 216-223. *See* Tex. Gov't Code § 2001.038.

6. The Board filed a plea to the jurisdiction, which was carried with the case to trial. CR 67.

7. After a bench trial held on August 4, 2014, the district court issued a final judgment which granted the Board's plea with respect to Dr. Jefferson's UDJA claims, and denying the Board's plea regarding her rule challenge. CR 855; Exhibit 1. The court ruled that it had jurisdiction over Dr. Jefferson's rule challenge and went on to uphold the validity of the Board rules in question, with the exception of Board Rules 573.72 and 573.80(2). *Id.*

3

## SUMMARY OF THE ARGUMENT

Board Rules 573.72 and 573.80(2) are both within the Board's express and implied rulemaking authority granted by the legislature.

Rule 573.72 does not apply to any licensed veterinary who can demonstrate that he or she is subject to the Veterinary Practice Act's "Ownership Exemption." The rule was simply adopted in order to prevent a licensed vet from hiding behind the veil of a non-profit or municipal corporation in establishing one or more of the criteria set forth in the exemption.

Rule 573.80(2) is also consistent with the Ownership Exemption. The rule's definition of "designated caretaker" furthers the legislative purpose of ensuring that non-veterinarians practicing veterinary medicine without a license cannot be exempt from the Act, thus protecting the public from the unsafe practice of veterinary medicine.

## ARGUMENT

### I.    STANDARD OF REVIEW

When determining whether a rule is valid, a court must ascertain whether the rule is in harmony with the governing statutes and the general objectives of those statutes. *Tex. Orthopaedic Ass'n v. Tex. State Bd. of Med. Exam'rs*, 254 S.W.3d 714, 719 (Tex. App.—Austin 2008, pet. denied). In making that determination, it is

4

presumed that the rule is valid; the challenging party has the burden of proving otherwise. *Id.*, 254 S.W.3d at 722. Moreover, in deciding whether a rule exceeds an agency's rulemaking authority, the agency's construction of its governing statute(s) is entitled to "serious consideration" and "great weight" by a reviewing court as long as the construction is reasonable and does not contradict the plain language of the statute. *Id.*, 254 S.W.3d at 719; *Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex. 1994); *Reliant Energy, Inc. v. Public Util. Comm'n of Tex.*, 62 S.W.3d 833, 838 (Tex. App.—Austin 2001, no pet.).

## II. REGULATORY BACKGROUND

The Board is the state agency empowered to regulate the practice of veterinary medicine in Texas. Tex. Occ. Code § 801.151. This includes the broad authority to adopt rules to protect the public. Tex. Occ. Code § 801.151(c)(1). Among the Board's specific duties are the authority to discipline license holders for, among other things, engaging in dishonest or illegal practices in, or connected with, the practice of veterinary medicine or the practice of equine dentistry; engaging practices or conduct that violates the Board's rules of professional conduct; performing or prescribing unnecessary or unauthorized treatment; ordering a prescription drug or controlled substance for the treatment of an animal without first establishing a veterinarian-client-patient relationship; and committing gross malpractice or a pattern of acts that indicate consistent malpractice, negligence, or

5

incompetence in the practice of veterinary medicine or the practice of equine dentistry. Tex. Occ. Code §§ 801.402(4), (6), (12), (13), (16).

It is within this broad authority afforded the Board by the legislature that the rules in question must be examined.

## III. DR. JEFFERSON'S APA RULE CHALLENGE IS WITHOUT MERIT

As an initial matter, the Board advises the Court that it is not contesting that part of the district court's final judgment which determines that the court had subject matter jurisdiction over Dr. Jefferson's rule challenges. CR 855; Exhibit 1.

However, the Board does contend that the judgment invalidating Board rules 573.72 and 573.80(2) was incorrect. The rules in question are consistent with the Act, and they fall squarely within the Board's express authority thereunder to protect the public from the unsafe practice of veterinary medicine. Tex. Occ. Code § 801.151 (c)(1). *See also* the specific factors set forth in § 801.402. Tex. Occ. Code §§ 801.402(4), (6), (12), (13), (16).

The rules are also within the Board's implied authority because they are authorized by the legislature's statutorily-enumerated purposes, those being the protection of the public and the establishment and maintenance of high integrity for the profession. Tex. Occ. Code § 801.151(b); *Tex. Dep't of Human Servs. v. Christian Care Ctrs., Inc.*, 826 S.W.2d 715, 719 (Tex. App—Austin 1992, writ denied).

6

**A.    Both rules are consistent with the Act, including the "Ownership Exemption."**

The Act provides that it does not apply to "the treatment or care of an animal in any manner by the owner of the animal, an employee of the owner, or a designated caretaker of the animal, unless the ownership, employment, or designation is established with the intent to violate this chapter."  Tex. Gov't Code § 801.004(1) ("Ownership Exemption").

As will be discussed below, both rules are consistent with the Ownership Exemption.

### Rule 573.72

Rule 573.72 provides:

(a) A nonprofit or municipal corporation may employ or contract with a veterinarian to provide veterinary services in connection with sheltering, sterilization, vaccination, or other medical care and treatment of animals.

(b) Employment by or contractual service to a nonprofit or municipal corporation does not exempt the veterinarian from any of the provisions of the Veterinary Licensing Act or the Board's rules.

(c) Veterinarians employed by, or contracted to, nonprofit or municipal corporations shall be liable for any violations of the Act or rules occurring as a result of the practice of veterinary medicine or any veterinary services provided by the nonprofit or municipal corporation, including those occurring due to the acts or omissions of non-licensed employees of, or volunteers for, the nonprofit or municipal corporation.

22 Tex. Admin. Code § 573.72.

7

The district court held that rule 573.72 "violates the right of a non-profit or shelter to employ a licensed veterinarian and seek full protection of the ownership exemption for the treatment of animals for which the shelter is the owner." CR ___.[1] To the contrary, the rule is consistent with the Ownership Exemption. If indeed a licensed veterinarian can demonstrate that he or she is an owner or designated caretaker of an animal, or is employed by an owner of an animal, then the rule would obviously not apply as long as the licensee did not intend to circumvent the provisions of the Act. Tex. Occ. Code § 801.004(1). Indeed, non-profits and municipal corporations often provide services to the general public and are not the owners, employees, or designated caretakers of animals. Rule 573.72 is simply written to prevent a licensed vet from hiding behind the veil of a non-profit or municipal corporation in establishing one of the exemption criteria, which is a separate matter from whether or not a vet is an owner of an animal, an employee of the owner, or a designated caretaker.

The rule is not intended to apply to veterinarians who fall under the Ownership Exemption, and it is consistent with the exemption and the Act as a whole.

---

[1] While the district court referred to Rule 573.72 as a whole, subsection (a) is not at issue in this appeal. No one disputes the right of a nonprofit or municipal corporation to "employ or contract with a veterinarian to provide veterinary services in connection with sheltering, sterilization, vaccination, or other medical care and treatment of animals." The Board therefore assumes that the court meant to invalidate subsections (b) and (c) only.

8

**Rule 573.80(2)**

Board Rule 573.80(2) defines a "designated caretaker" as:

> a person to whom the owner of an animal has given specific authority to care for the animal and who has not been designated, by using the pretext of being a designated caretaker, to circumvent the Veterinary Licensing Act (Chapter 801, Texas Occupations Code) by engaging in any aspect of the practice of veterinary medicine (including alternate therapies). A designated caretaker who treats an animal for a condition *that the animal was known or suspected of having prior to the person being named a designated caretaker*, is presumed to be attempting to circumvent the Veterinary Licensing Act unless the designated caretaker is following the instruction of a veterinarian and is under the appropriate level of supervision per board rules. In this situation, the designated caretaker may present evidence to rebut the presumption.

22 Tex. Admin. Code § 573.80(2) (emphasis added).

The district court held that the definition of "designated caretaker" violates the Ownership Exemption because "it creates a presumption that a person intends to violate the Act and then provides an impermissibly limited exception that requires the care of a veterinarian to prevent such violation." CR 856; Exhibit 1. To the contrary, the definition is consistent with the Act, including the Ownership Exemption. The intent of the rule is to ensure that non-veterinarians practicing veterinary medicine without a license cannot be exempt from the Act. If the rule is invalidated then anyone caught practicing veterinary medicine without a license could evade responsibility by simply claiming that he or she is a "designated caretaker." Indeed, absent the rule, the common definition of "designated caretaker"

9

would simply be *any* person who is "designated" to "care" for an animal. That would vitiate the entire Act and would create an absurd result which the legislature never intended.[2] On the other hand, neither vets nor people practicing without a license would generally be practicing unless the animal already had a condition. Thus, preventing someone from being a "designated caretaker" after an animal has a condition furthers the purpose of the Act and protects the public from the unsafe practice of veterinary medicine.

Rule 573.80(2) is also entirely consistent with the Ownership Exemption and the Act as a whole.

## CONCLUSION AND PRAYER

For the reasons discussed above, the Board respectfully requests that this Court reverse that part of the district court's judgment which invalidates Board Rules 573.72 and 573.80(2).[3]

Dated: July 8, 2015.

---

[2] All vets are clearly designated to provide care to animals under any common definition of "designated," "caretaker," or "designated caretaker."

[3] The Board also requests this Court to affirm that the part of the district court's final judgment which grants the Board's plea to the jurisdiction. CR 855; Exhibit 1. That matter will be briefed by the parties as part of Dr. Jefferson's cross-appeal.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Division Chief, Administrative Law Division

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General
State Bar No. 24008890
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4191
Facsimile: (512) 457-4674
Email: ted.ross@texasattorneygeneral.gov
*Attorneys for Appellants/Cross-Appellees Texas State Board of Veterinary Medical Examiners, and Nicole Oria*

**CERTIFICATE OF COMPLIANCE**

I hereby certify compliance with Texas Rules of Appellate Procedure 9 and that there are 1,999 words in this document. Microsoft Word was used to prepare this filing and calculate the number of words in it.

/s/ Ted A. Ross
Ted A. Ross
Assistant Attorney General


**CERTIFICATE OF SERVICE**

I hereby certify that, in compliance with Rule 9.5 of the Texas Rules of Appellate Procedure, a true and correct copy of the above and foregoing document has been served on the following on this the **8th day of July 2015:**

David F. Brown                                  *Via: Electronic Service and e-mail*
dbrown@ebblaw.com
David P. Blanke
dblanke@ebblaw.com
Zeke DeRose III
zderose@ebblaw.com
111 Congress Avenue, 28th Floor
Austin, Texas 78701

Ryan Clinton
rdclinton@dgclaw.com
Davis, Gerald & Cremer, P.C.
111 Congress Avenue, Suite 1660
Austin, Texas 78701
*Attorneys for Ellen Jefferson, D.V.M.*

/s/ Ted A. Ross
Ted A. Ross
Assistant Attorney General



EXHIBIT 1

CAUSE NO. D-1-GN-14-000287

ELLEN JEFFERSON, D.V.M.,                    §        IN THE DISTRICT COURT
                                            §
            *Plaintiff,*                     §
                                            §
                                            §
v.                                          §
                                            §        127th JUDICIAL DISTRICT
                                            §
TEXAS STATE BOARD OF VETERINARY             §
MEDICAL EXAMINERS and NICOLE                §
ORIA, in her official capacity as Executive §
Director,                                   §
                                            §
            *Defendants.*                    §        TRAVIS COUNTY, TEXAS

## FINAL JUDGMENT

On August 4, 2014, Plaintiff, Ellen Jefferson, D.V.M. (Dr. Jefferson), and Defendants, the

Texas State Board of Veterinary Medical Examiners (TBVME), and Nicole Oria, in her official

capacity as Executive Director of TBVME, appeared with their attorneys of record and proceeded

to trial before the Court. The Court also heard argument on Defendants' Plea to the Jurisdiction on

that date. After considering the pleadings, motions, stipulations, the requests for judicial notice, the

evidence presented at trial, and the arguments of counsel, the Court renders final judgment as

follows:

The Court grants Defendants' Plea to the Jurisdiction in part and dismisses Dr. Jefferson's

claims under the Uniform Declaratory Judgment Act without prejudice. Dr. Jefferson must exhaust

her administrative remedies to challenge TBVME's factual findings and allegations and the

application of TBVME's rules to those findings and allegations. *See* Tex. Occ. Code Ann. §

801.004(1).

The Court finds that it does have jurisdiction under Section 2001.038 of the Administrative

Procedure Act ("APA") regarding certain rule challenges that Dr. Jefferson asserts. The Court finds

that TBVME's reliance on Section 2001.038(e) does not bar the Court's consideration of the

administrative rules at the core of the disputes presented in this suit. Under jurisdiction provided by Section 2001.038, the Court finds that the following rules are contrary to Section 801.004(1):

1) Board Rule 573.72, as written, violates the right of a non-profit or shelter to employ a licensed veterinarian and seek full protection of the ownership exemption for the treatment of their animals for which the shelter is the owner. *See* 22 Tex. Admin. Code § 573.72. If a veterinarian is employed by a non-profit or shelter, their handling of the care of the animals so owned by their employer will not be generally covered by the Act.

2). Board Rule 573.80(2) also fails to comply with the ownership exemption, since it creates a presumption that a person intends to evade the Act and then provides an impermissibly limited exception that requires the care of a veterinarian to prevent such violation. See 22 Tex. Admin. Code § 573.80(2).

The Court, however, does find that the ownership exception does not allow a veterinarian to ignore other laws outside the Act that relate to his or her veterinary license, including all laws relating to the handling of prescription drugs (dangerous or controlled). Because it is the veterinary license, not the ownership of the animals, that allows a veterinarian to take certain actions, those actions may be overseen by TBVME to ensure compliance. Such investigations and administrative actions are not categorically banned by the ownership exemption and the Court will not prevent TBVME from exercising its administrative powers to investigate such complaints. In exercising its quasi-judicial authority in overseeing the administrative process, however, TBVME must do so in accordance with the boundaries of the Act, and with proper and due regard for the ownership exemption, as mandated by the Texas Legislature.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Plea to the Jurisdiction is granted in part, pursuant to Section 2001.038 of the Administrative Procedure Act; that Board Rules 573.72 and 573.80(2) are found to be contrary to Section 801.004(1) of the

Veterinary Practice Act and therefore invalid; and this matter shall be remanded to the TBVME for further actions consistent with this order.

All costs of court are assessed against the party who incurred them. All relief not expressly granted herein is denied. This judgment finally disposes of all parties and all claims in the entire suit and is appealable.

Signed this _18_ day of November, 2014.

Gisela D. Triana
200th District Court
Travis County, Texas