ACCEPTED
15-25-00024-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/14/2025 4:34 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00024-CV

IN THE FIFTEENTH COURT OF APPEALS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

AUSTIN, TEXAS

4/14/2025 4:34:25 PM
CHRISTOPHER A. PRINE
Clerk

Mike Morath, Texas Commissioner of Education; and La Villa
Independent School District;

Appellants

V

Dr. Paz Elizondo,

Appellee

_____

Appeal from the 455th District Court of

Travis County, Texas, Cause No. D-1-GN-22-002025

_____

Appellee Dr. Paz Elizondo's Brief
Subject to Dr. Paz Elizondo's Motion to Dismiss &
In the alternative Plea in Abatement

_____

Ruben R. Peña
State Bar No. 15740900
Law Offices Ruben R. Peña, P.C.
5375 Camino de la Tierra
Brownsville, Texas 748526
(956)778-3930 (Cell)
ruben@rubenpenalaw.com

Counsel for Appellee Dr. Paz Elizondo

1

# TABLE OF CONTENTS

TABLE OF CONTENTS …………………………………….. 2

INDEX OF AUTHORITIES …………………………………… 3-4

ABBREVIATIONS & RECORD REFERENCES………………... 4

STATEMENT REGARDING ORAL ARGUMENT ……………...5

ISSUES PRESENTED …………………………………… 5

SUMMARY OF THE ARGUMENT ……………………………5-6

ARGUMENT …………………………………………… 6

CONCLUSION & PRAYER ………………………………… 18

CERTIFIICATE OF COMPLIANCE …………………………….. 19

CERTIFICATE OF SERVICE ………………………………… 20

# INDEX OF AUTHORITIES

**<u>Cases:</u>**

Cadena Commercial USA Corp. v Tex. Alcoholic Beverage Comm'n…………………………………………………….. 7

City of El Paso v Heinrich 284 S.W.3d 366,370 (Tex. 2009)… 17

Davis v Morath 624 S.W. 3d 215 (Tex. 20210)…………………14, 16

Dodd v Meno 870 S.W.2d 4, 7 (Tex. 1994)…………………… 11

In re Prudential Ins. Co. of America 148 S.W.3d 124, 132 (Tex. 2004)…………………………………………………….. 12

Pub. Util. Comm'n v Gulf States Utils. Co. 809 S.W.2d 201, 207(Tex.1991)……………………………………………… 16

R.R. Comm'n of Tex. V Tex. Citizens for a Safe Future and Clean Water 336 S.W. 3d 619, 628 (Tex. 2011)………………………… 16

State v Jackson 376 S,W,2d 341, 344-45 (Tex. 1964)………….. 7

Tarrant Appraisal District v Moore 845 S.W.,2d 820, 823 (Tex. 1993) ……………………………………………. 11

Texas Educ. Agency v Leeper 893 S.W.2d 432.446 (Tex. 1995).. 17

TGS-NOPEC Geophysical Co. v Combs 340 S.W.3d 432, 438-39 (Tex. 2011)……………………………………………… 16

Wittman v Nelson 100 S.W.3d 356, 360 (Tex. App.— San Antonio 2002, pet denied)……………………………… 10

**Statutes:**

Tex. Civ. Prac. & Rem. Code §37.002(b) …………………... 17,18,20

Tex. Civ. Prac. & Rem. Code §37.003(a) ………………….. 20

Tex. Civ. Prac. & Rem. Code §37.004(a)…………………… 5

Tex. Educ.  Code §7.057(a)(2)(A)……………………………10

Tex. Educ. Code §21.001 ………………………………… 10

Tex. Educ. Code §21.002 ………………………………… 10

Tex. Educ. Code §21.102(b)………………….....6 ,8,9,10,11,13,16

**Commissioner Decisions:**

Higareda v Valley View ISD 027-R10-12-2013…………….. 9

Simani v Houston ISD 021-R10-03-2019…………………...11

**Miscellaneous:**

DCA(LEGAL) ………………………………………………6,16

DGBA(LOCAL)……………………………………….. 13,15

**Abbreviations & Record References**

| | |
|---|---|
| Clerk's Record | CR[Page #] |
| Court Reporter's Record | RR [Page#] |
| Uniform Declaratory Judgement Act | UDJA, UDA |

## STATEMENT REGARDING ORAL ARGUMENT

Dr. Paz Elizondo does not believe oral argument is necessary but stands ready to participate should the Court believe such would be helpful.

## ISSUES PRESENTED:

**ISSUE NO. 1** The trial court correctly reversed the decision of the Commissioner as the Commissioner failed to follow the legislative scheme enacted to protect teachers.

**ISSUE NO. 2** The trial court correctly held that Dr. Elizondo's UDJA claim was sustainable under Tex.Civ. Prac. & Rem. Code §37.004.

## SUMMARY OF THE ARGUMENT

The issue in this case is whether a local board policy, which requires grievances to be filed within a certain period of time, should be used to subvert the clear legislative mandate as to when a district must provide a continuing or term contract.

The La Villa ISD and the Commissioner of Education both seek to undermine the protections of teachers under Texas Education Code §21.102(b). Neither the District nor the Commissioner may act in a

manner to nullify the clear dictates of the Texas Legislature. To permit the use of a local grievance policy as the tool to negate the statutory framework set forth in the Texas Education Code would be to permit districts to either mistakenly or purposefully subvert the law.

**ISSUE NO. 1 The trial court correctly reversed the decision of the Commissioner as the Commissioner failed to follow the legislative scheme enacted to protect teachers.**

## ARGUMENT

This is a case where the La Villa Independent School District and the Commissioner of Education both failed to follow the statutory mandates of Texas Education Code §21.102(b)  and where the La Villa ISD  failed to follow its own policy DCA (LEGAL)(C.R. 47-48) in regards to when a teacher is required to be provide with a term contract.

Appellee was first employed by La Villa ISD in May of 2019.  He was given a probationary contract. (C.R. 34-37)

Appellee was then given a second, albeit illegal,  probationary contract in April 2020. (C.R. 38-41)

6

There is no dispute in the record that Appellee was entitled to a term contract when his first year probationary contract was completed. There is no dispute in the record that Appellee satisfied the requirements of having taught in a public school for at least five of the eight years preceding employment by the district.   (C.R. 43-44)

The commissioner held that he did not have jurisdiction under Tex. Educ. Code 7.057 because Appellee failed to timely grieve his second year probationary contract. In doing so he deferred to the District's internal grievance procedures in finding that Appellee's compliant was untimely filed in spite of the clear statutory mandates of the Texas Education Code.

"State agencies are statutory creatures and have no inherent authority other than those powers the Legislature expressly confers." *Cadena Commercial USA Corp. v . Tex. Alcoholic Beverage Comm'n* 518 S.W.3d 318, 334 (Tex. 2017) "When the Legislature acts with respect to a particular matter, the administrative agency may not so act with respect to the matter as to nullify the Legislature's action even though the matter be

within the agency's general regulatory field." *State v. Jackson*, 376 S.W.2d 341, 344-45 (Tex. 1964). The district's local grievance policy, DGBA(LOCAL) (C.R. 150-156) is preempted by the action of the legislature itself. *Id @343.* The trial court correctly found the Commissioner failed to account for the preemption of the District's local policy by state law.

In the case before this Honorable Court the Commissioner and the District would ask that it turn a blind eye to the clear legislative mandate when it comes to the requirements of when a teacher may be provided a probation contract and when it is *required* to provide a teacher a term or continuing contract.

Appellants do not deny that Dr. Elizondo was qualified and entitled to receive a term or continuing contract under Tex. Educ. Code 21.102(b). Rather they steadfastly hold the position that Dr. Elizondo failed to timely file his grievance under the local policy, DGBA(LOCAL) (C.R. 150-156) To support their contention they cite to a number of cases which hold that, indeed, failure to timely grieve will lead to a dismissal of the grievance.

However, none of the cases cited hold that a local grievance procedure trumps a legislative mandate.

This Court should not permit the Commissioner and school districts to hide behind the proverbial "log" and subvert the Legislature's clear mandate.

The Commissioner points out the language in the probationary contract is clear. That the contract contained "only three pages of readily understandable terms and was substantially similar to the probationary contract that Elizondo signed with la Villa ISD in the previous year. *See pg. 8 Commissioner's brief.* (C.R. 262-267) The problem with this line of reasoning is that it assumes that the reader understood he was entitled to a term or continuing contract or that he actually wanted to be in a probationary contract. Section 21.102(b) provides that "A probationary contract may not be for a term exceeding one school year. The probationary contract may be renewed for two additional one-year periods, for a maximum permissible probationary contract period of three school years, *except that the probationary period may not exceed one*

*year for a person who has been employed as a teacher in public education for at least five of the eight years preceding employment by the district.* (emphasis added)

In *Higareda v Valley View ISD* 027-R-10-12-2013 the Commissioner found that the Respondent District was legally obligated to give a Chapter 21 contract to the Petitioner rather than a probationary contract. In *Higareda* the commissioner found that since the Petitioner had alleged a violation of the school laws of the state and that he had jurisdiction to determine whether the District had violated Texas Education Code § 21.001 by "failing to employ Petitioner under a Chapter 21 contract" *id @pg.7* . The Commissioner found he had jurisdiction in the *Higareda* case under §7.057(a)(2)(A), to determine whether the District violated Texas Education Code § 21.002 by failing to employ Petitioner under a Chapter 21contract. The Commissioner failed to follow his own precedent. In his conclusion of law number 5 the Commissioner held in *Higareda* that the "contractual requirements of chapter 21 of the Texas

Education Code are *mandatory. (*emphasis added) @pg. 11. The requirements are mandatory here as well.

La Villa ISD's own policy  DCA (LEGAL)(C.R. 47-48) mirrors Education Code 21.102. The District's own policy requires it to provide individuals who have the qualifying years of experience with a term contract.  The legislature has made it clear that once a teacher has satisfied the one year probationary period in a new school district and that the individual qualifies with the necessary experience the district is obligated to provide a term or continuing contract.

Chapter 21 contracts provide significant protections for teachers which probationary contracts do not.  The policy considerations that the legislature implemented in 21.102(b) are mandatory on a District and the Commissioner erred when he failed to uphold the legislative scheme.

Because the Legislature has enacted the provisions of Section 21.102(b) to provide qualified teachers with the protections of a term contract this Court should affirm the holding of the trial court.

**The waiver argument:** The Commissioner further found that the Plaintiff had "waived his statutory or constitutional rights by knowingly and voluntarily acting inconsistently with those rights." That by signing his probationary contract Plaintiff accepted the salary and benefits under the probationary contract until he received his termination letter, thereby waiving his right to "challenge the terms of his probationary contract". (C.R. 4-5)

The Commissioner cited *Wittman v Nelson,* 100 S.W.3d 356,360) (Tex. App.—San Antonio, 2002, pet. Denied) as authority to support his contention that when Appellee accepted the salary and benefits of the probationary contract he had waived his right to complain. However, even a cursory review of the *Wittman* case shows the flawed reasoning. Wittman was accused of serious misconduct of a student. After having been suspended she agreed to return to her duties under a probationary contract. Wittman's decision was made after serious discussions with the superintendent and made knowingly of the consequences of her decision. The facts in *Wittman* and the instant case are clearly distinguishable.

The commissioner also cited *Simani v Houston ISD (Comm Dec. 021-R10-03-2019)*. In *Simani* the Commissioner likewise held that the failure to timely grieve her probationary contract prohibited the Commissioner for granting relief. However, an underlying issue in *Simani* was whether Simani had actually taught at a public school that would have qualified her for a term or continuing contract. Regardless, the Commissioner's decision should not be given weight as again the facts do not support the conclusion as to waiver.

The first inkling Plaintiff had that he is under a probationary contract is when he received his "Notice of End-of-Year Termination of Probationary Contract" which advises him that his termination was in "the best interest of the District…"(C.R.42)

The record is bereft of any evidence to establish that Petitioner "intelligently, voluntarily, and knowingly relinquished a known right". Even a cursory review of the "probationary contract" does not provide the teacher with any idea that he or she can be dismissed without any recourse. (L.R. pg. 000072-74) The test for knowingly relinquishing a "known

right" is that the individual needs to know that he or she in fact knows that they have such a right. The probationary contract does not provide any indication of such. Neither is there any evidence that Plaintiff was provided any document that informed him that by signing the probationary contract he was waiving his right to a term contract.

However, paragraph 10.4 of the contract specifically states that "Texas law shall govern construction of this Contract". (L.R.000074) The Texas law that governs the contract is Tex. Educ. Code section 21.106(b).

While "[c]onstruction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." *Dodd v Meno* 870 S.W.2d 4, 7 (Tex. 1994) citing *Tarrant Appraisal District v Moore* 845 S.W.2d 820,823 (Tex. 1993) . Here the Commissioner ruled in favor of the District's local policy rather than the clear dictates of §21.102(b).

In order to find wavier the Texas Supreme Court has stated that "a waiver of constitutional rights must be voluntary, knowing, and intelligent, with

full awareness of the legal consequences. *In re Prudential Ins. Co. of America* 148 S.W.3d 124, 132 (Tex. 2004)

The trial court considered which of the parties was in a better position to determine the consequences of a teacher entering into a subsequent probationary contract when they were clearly entitled to a term or continuing contract. The District that has a Human Resources Department and legal counsel at its disposal as opposed to teachers who have no legal training and no understanding of the consequences of signing a probationary contract. Clearly Districts have the upper hand and should not be allowed to subvert Texas law on a technicality either intentionally or by mistake.

**Failure to timely grieve argument:** The Commissioner determined that the "primary issue" in the case was whether Dr. Elizondo "timely filed his grievance" under the District's DGBA(Local) policy. This erroneous determination led to the inexorable conclusion that he did not because more than 15 days had lapsed since he had signed the probationary contract in May of 2020. (C.R. 38-41) Likewise, because of the failure to

timely grieve the illegal contract the District's board of trustees nor the Commissioner could reach the merits of the appeal.

The Commissioner noted that "[p]robationary contracts carry far fewer rights and procedural protections than term contracts, particularly with respect to termination rights." (C.R. @ 264)

The question of timelines hinges on whether the time starts to run on the day the probationary contract was signed or when Dr. Elizondo was notified of his termination almost a year later.

*Davis v Morath* 624 S.W.3d 215 (Tex. 2021) provides guidance in this area. Here as in *Davis* the District and Commissioner sought to reframe Appellee's grievance as a "time-barred complaint about its prior decisions, so long as the grievance genuinely complains of an 'action or decision' that occurred within ten business days preceding its filing." The Court found that the triggering date was when the evaluation "scorecards' were distributed and not when the Board adopted the procedure. The teachers in *Davis* could not be aware of the effect of the decision by the Board to adopt the procedure until the scorecards were actually

16

distributed. When they were, the teacher's grieved within the time required under the local policy. Likewise, in the case before this Honorable Court the triggering event was when Dr. Elizondo received his notice of termination.

*Davis,* however, did not implicate the determination of whether a statute was to be enforced or whether a local policy would prevail as in the instant case. However, as guidance the Court looked to the "triggering" event to determine whether the grievance was timely filed. There is no dispute that Dr. Elizondo's "triggering" event was the notice of termination of April 26, 2021.(C.R. 42)  When he filed his grievance on April 29, 2021,  Dr. Elizondo was well within the 15 day deadline that the was contained in the District's DGBA(Local) policy.  (C.R. 88-89)

The trial court found that the Commissioner erred in failing to enforce the mandates of Tex. Educ. Code §21.106(b)  and so should this Honorable Court.

**The Standard of Review:**  The standard of review of an appeal from the Commissioner of Education's decision is the "substantial evidence"

standard of review. *Davis v Morath*, 624 S.W.3d 215, 221 (Tex. 2021) . Further, Courts give deference to agency's interpretation of law and its own regulations. However, no such deference should be given where it is "plainly erroneous or inconsistent with the language" of the law or rule. *See Pub. Util. Comm'n v Gulf States Utils. Co.* 809 S.W.2d 201 207 (Tex. 1991) *see also TGS-NOPEC Geophysical Co. v Combs* 340 S.W. 3d 432,438 (Tex. 2011) (no deference where agency's interpretation is plainly erroneous or inconsistent with the language of the statute.) Deference occurs when the statutory language is subject to multiple understandings. *Railroad Com'n v. Citizens Safe Future* 336 S.W.3d 619, 628 (Tex. 2011) Here both the statutory language of Tex. Educ. Code §21.102(b) as well as the District's own policy DCA (LEGAL) clearly dictate that the District was required to provide the Appellee with a term contract. To defer to the Commissioner's decision in this case would be to ignore the legislature's clear mandate to provide teachers, such as Appellee, with the appropriate contract. This Court should affirm the trial court's ruling.

**ISSUE NO. 2** **The trial court correctly held that Dr. Elizondo's UDJA claim was sustainable under Tex.Civ. Prac. & Rem. Code §37.004.**

**The Declaratory Judgment Issue:** Tex. Civ. Prac. & Remedies Code §37.004 provides that a person whose "legal relations" are affected by a statute or contract may have determined any question of construction or validity arising under the statute or contract and obtain a "declaration of rights, status or other legal relations thereunder." *See City of El Paso v Heinrich* 284 S.W.3d 366, 370 (Tex. 2009) Indeed the object of the UDJA is to be remedial and to be construed liberally and administered liberally. *Tex. Civ. Prac. & Remedies Code §37.002(b).*

In *Texas Educ. Agency v. Leeper* 893 S.W.2d 432 (Tex. 1995) the Supreme Court addressed the issue of whether courts had jurisdiction when seeking to construe legislative enactments, including the awarding of attorney fees. The Court concluded "that by authorizing declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney fees, the DJA necessarily waives governmental immunity for such awards." *Id @446.*

19

The Court noted that the UDJA "is a remedial enactment which allows courts to declare relief, whether or not further relief is or could be claimed, to settle and afford relief with respects to rights, status, and other legal relations'". *id @445 citing Tex. Civ. Prac. & Rem. Code §§37.002, .003(a)*

This Court should find that the facts in this case authorized the trial court to conclude that the UDJA as applied here were legally justified. This Honorable Court should affirm the trial court's judgment.

## CONCLUSION AND PRAYER

The trial court correctly reversed the decision of the Commissioner as he failed to follow the clear mandate of the Texas Education Code §21.102(b) and the District's own policy. The trial court also correctly held that the provisions of the Tex. Civ. Prac. & Rem. Code §37.002-.004, .009 to be applicable.

Accordingly, Appellee, Dr. Paz Elizondo respectfully requests this Honorable Court to affirm in all respects the trial court's judgment, reversing the decision of the Commissioner, and find that Appellee was

entitled to a term contract.  Further, that the Court remand the case to the

trial court for a determination of attorney fees.

Respectfully submitted

LAW OFFICES RUBEN R. PENA, P.C.
5375 Camino de la Tierra
Brownsville, Texas 78526
(956) 778-3930 (Cell)
ruben@rubenpenalaw.com

By:*/s/ Ruben R. Peña*
Ruben R. Peña
S.B.N. 15740900
Attorney for Appellee

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft

Word and contains 2,938 words, as determined by the computer

software's word-count function, excluding the section of the document

listed in Texas rule of Appellate Procedure 9.4 (i)(1)

*/s/Ruben R. Peña*
Ruben R. Peña

21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Appellee's*

*Brief* has been served on the following by e-service on this the 14TH day

of April, 2025.

David Campbell
Thompson & Horton LLP
8300 N. MoPac Expressway Suite 220
Austin, Texas 78759
Attorneys for La Villa ISD

Karen L. Watkins
Assistant Attorney General
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ruben Pena
Bar No. 15740900
ruben@rubenpenalaw.com
Envelope ID: 99652726
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief of Appellee Dr. Paz Elizondo
Status as of 4/14/2025 4:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Ruben Pena | 15740900 | ruben@rubenpenalaw.com | 4/14/2025 4:34:25 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 4/14/2025 4:34:25 PM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 4/14/2025 4:34:25 PM | SENT |
| Kristy Alonzo | | kalonzo@thompsonhorton.com | 4/14/2025 4:34:25 PM | SENT |
| David J.Campbell | | dcampbell@thompsonhorton.com | 4/14/2025 4:34:25 PM | SENT |
| Kate French | | kfrench@thompsonhorton.com | 4/14/2025 4:34:25 PM | SENT |